WILLIAM J. CASE *vs.* JAMES C. STEVENS & another.

Norfolk. Jan. 18. — Sept. 5, 1884. C. ALLEN & HOLMES, JJ., absent.

Damages for the breaking of the plaintiff's wagon and harness, in consequence of the unkindness of a horse sold to him by the defendant, cannot be recovered in an action of tort for a breach of a warranty that the horse was kind, which, it is alleged, the defendant knew was false.

TORT, in two counts. The declaration was as follows:

"And the plaintiff says that on or about the ninth day of May, 1882, he bargained with the defendants to buy of them a certain bay mare about seven years old, which then appeared

to the plaintiff to be all sound and kind, and the said defendants, by then and there warranting the said mare to be all sound and kind, deceitfully sold the same to the plaintiff for the sum of two hundred and fifteen dollars. And the plaintiff avers that the said mare was not sound and kind as represented and warranted, but on the other hand she was unsound, balky, unsafe, and not fit to drive or use, all of which the defendants well knew at the time of said sale as aforesaid. And the plaintiff, believing said representations by the defendant to be true, harnessed said horse to a carriage in a safe and proper manner, and had said mare and carriage put in charge of a proper driver, in May, 1882, after said date of purchase. And the plaintiff avers that the said mare being unkind, balky, unsafe, and dangerous, she then and there balked, kicked, and jerked in such a dangerous and violent manner that she became unmanageable, and broke and smashed the said carriage and harness, the property of the plaintiff; that in and throughout the premises the plaintiff and the person in charge of said mare were in the exercise of proper and reasonable care. And the defendants well knew said mare to be vicious, unkind, and dangerous. And so the said defendants falsely deceived and defrauded the plaintiff to his damage, as stated in his writ.

"And the plaintiff says that on or about the ninth day of May, 1882, he bargained for and bought of the defendant a certain bay mare, which the defendants warranted and represented to be sound and kind. And afterwards in said month of May, while the plaintiff was relying on said representations and warranty, and then believing them to be true, he had said mare harnessed to a carriage and put in charge of a proper driver, and while so in the charge of said driver, who was in the exercise of due care and caution in and about the premises, the said horse balked, kicked, and jerked in such a violent and dangerous manner that she smashed and broke the said carriage and harness, the property of the plaintiff, all of which damage was the result of said representations and warranty of the defendants. And the plaintiff avers that said representations were not true in fact, and the defendants well knew that they were not true, and the plaintiff while relying thereon was damaged."

Answer, a general denial.

At the trial in the Superior Court, before *Aldrich,* J., the plaintiff offered evidence to prove the facts alleged in both counts of the declaration. The judge ruled that on the declaration, or either count thereof, the plaintiff could not recover for the damage done to said carriage and harness, or either of them, and that, on the proof of all the facts therein alleged, the action could not be maintained for the recovery of said damage to the carriage and harness, and directed the jury to return a verdict for the defendants. The plaintiff alleged exceptions.

*J. E. Cotter & C. F. Jenney,* for the plaintiff.

*R. I. Burbank & R. Lund,* for the defendants.

W. ALLEN, J. This is an action of tort for a breach of a warranty that a horse sold by the defendants to the plaintiff was kind. It is alleged that the defendants knew that the warranty was false. The only damage alleged is for the breaking of the plaintiff's wagon and harness in consequence of the unkindness of the horse; and the plaintiff claimed no other damages in the court below. The court ruled that such damages could not be recovered upon the facts alleged; and the only question is upon the correctness of that ruling.

The ruling was correct. The warranty related only to the value of the horse, and there is nothing in the declaration to show that it was given or received in view of anything else. The only damage in consequence of the breach of it, which is brought within the contemplation of the parties, is the diminution in value of the property warranted. The declaration contains no allegations which bring it within the principle of *Allen* v. *Truesdell,* 135 Mass. 75, and other cases of false representations or warranties of fitness for particular uses contemplated by the parties. *Exceptions overruled.*