THE HUYETT & SMITH MANUFACTURING COMPANY v. S. H. GRAY.

*Contract—Evidence—Burden of Proof—Damages—Warranty.*

Plaintiff sold and delivered to defendant machinery under a contract which contained a stipulation that the title should be retained until the purchase-money was paid, and that if the machinery should fail to work as warranted, by reason of defects in its construction, and the plaintiff was notified thereof in reasonable time,

the plaintiff should have an opportunity to remedy any defects, and failing in this, should take back the machinery and refund whatever purchase-money might have been paid. The defendant kept and used the property for sometime, but failed to pay the purchase-money, and plaintiff brought action to recover possession, and for damages for use and deterioration : *Held*, That the burden was on the defendant to show that he was relieved from liability by defect of the machinery ; that he was bound to give notice of such defect within a reasonable time ; and that he was liable for any damages caused by him other than those which might result from an attempt to use the machinery in a proper way.

CIVIL ACTION, tried at Spring Term, 1892, of CRAVEN Superior Court, *Winston, J.,* presiding.

PLAINTIFF'S APPEAL.

The action was brought to recover certain machinery. A jury trial was waived and the Court found the facts as follows :

The property was sold and delivered to the defendant by the plaintiff under a contract hereinafter set out.

It was admitted that the defendant had paid $100 on the purchase-money and $100 freight on the property.

The plaintiff offered evidence to show that the defendant had used the property from the time of its delivery to him, that the property had been greatly endamaged by the defendant, and had been greatly deteriorated in value by said use, to the damage of the plaintiff. Defendant objected, and the evidence was excluded. Plaintiff excepted. There was no other evidence before the Court.

The Court held that the plaintiff had the option to take the property back if the defendant was dissatisfied with it, and that the plaintiff could exercise such option and recover the machinery and property in this action.

The Court further held that all the money which the defendant had paid on the machinery and property must be repaid

thereon before this action could be maintained, to which plaintiff excepted.

The Court then rendered judgment for the return of the property to the plaintiff or its assessed value, to which plaintiff excepted.

1. Because the judgment required the plaintiff to repay to defendant the $400 and interest as stated in said judgment.

2. Because plaintiff was not allowed to show the value of the use of said property, and the damage to same by defendant, and also its deterioration and value by reason of said use.

The following is the material part of the contract:

*To the Huyett and Smith Manufacturing Company, Detroit, Michigan:*

You will please ship to the undersigned, at Newbern, N. C., the Hot Blast Dry Kiln Outfit herein mentioned, * * * subject to the following contract:

*First.* That the undersigned purchaser agree to receive said machinery on arrival at destination named above, and pay the freight and charges due thereon from Detroit, Michigan; and further agree to pay the said company for said machinery the sum of twenty-three hundred and thirty-seven dollars, as follows: Cash, with order when ready to ship, $779, and note in sixty days from date of shipment, payable at National Bank of Newbern, N. C., with seven per cent. interest, due six months from date, $779; and note in sixty days from date of shipment, payable at National Bank of Newbern, N. C., with seven per cent. interest, due twelve months from date, $779; and an attorney fee of ten per cent. if this note is collected by suit, and I hereby waive the benefit of the homestead exemptions as to this debt. Payable at bank, National, town, Newbern; county, Craven; State, North Carolina. And I hereby agree to pay to the Huyett and Smith Manufacturing Company, of Detroit, Michigan, any damage that may accrue to them by reason of any fail-

ure to comply with the agreements, terms and conditions of this order.

*Second.* That the Huyett and Smith Manufacturing Company agree to send a competent man to superintend setting up and starting above Dry Kiln Outfit at their own expense.

*Third.* That said machinery and apparatus to be and remain the property of the Huyett and Smith Manufacturing Company, and that no title to same shall pass until said machinery and apparatus shall be fully paid for (notes and drafts not to be considered as payments until they are redeemed).

*Fifth.* That if the undersigned purchaser countermand this order, or fail to take and pay for said machinery and apparatus, as herein agreed, I hereby agree to pay to the Huyett and Smith Manufacturing Company an amount equal to twice the freight on the machinery and apparatus, from and back to the shops, at Detroit, Michigan, and to also forfeit to the said Huyett and Smith Manufacturing Company the cash in hand, or contract money that shall have been paid.

*S xth.* That the above-specified machinery and apparatus is purchased and sold subject to the following warranty and agreement, to-wit: That said machinery and apparatus is constructed of good materials and in a workmanlike manner, and that with proper management and careful usage it will perform well and thoroughly dry twenty-five thousand feet of one-inch green sap pine lumber every twenty-four hours, with one eighty-horse power steam-boiler with sixty pounds pressure. Subject, nevertheless, to the conditions following: That the purchaser, upon starting said machinery and apparatus, will intelligently follow the directions which said company may furnish for the operation of the machine; and if, by so doing, said machinery and apparatus shall fail to operate in a proper manner, then the purchaser shall, within a reasonable time, give written notice of such failure to the

agent through whom said machinery and apparatus was purchased; and further, if said company shall fail to make said machinery and apparatus operate as above stated within a reasonable time after said notice has been received by said company, and said company has had reasonable time to reach said machinery and apparatus, due regard being had to the distance at which the same may be located from Detroit, Michigan, and the fault being ascertained to be in the machinery and apparatus, and not in the manner in which the same is or has been operated, then said company agree to remedy any defect found to exist and failing in this, to take back the machinery and apparatus and refund any portion of the purchase-money which may have been paid; but if said machine and apparatus should fail to operate as above stated, through the improper management of the purchaser and his employees, or by their failure to observe the aforesaid directions, then the purchaser hereby agrees to pay all necessary expenses which said company shall be put to in connection with the repair and refitting of said machinery and apparatus, and of all traveling expenses incurred by going to and returning from the place of location of said machinery and apparatus to Detroit, Michigan.

*Mr. M. De W. Stevenson,* for plaintiff.
*Mr. W. W. Clark,* contra.

CLARK, J.: The purchaser of the machinery, by the terms of the contract, had a reasonable time after he received it to make known its defects. But he seems to have kept and used the machinery without complaint for some length of time, indeed until the plaintiff sought to recover the property under the contract because of failure to pay for it. If the objection was not made known within reasonable time, and the purchaser continued to use the machinery without objection, this was a ratification. If the plaintiff then proceeded

to recover the property, it was entitled to claim the forfeiture provided for in section 5 of the contract, unless for any reason that should be relieved against in equity, and it certainly would have been entitled at least to the freight both ways and to show the damage to and deterioration of the property. If the objection was made known to the seller within reasonable time so as to avoid the sale, still, if there was any damage, caused by the purchaser, other than the deterioration from attempting to use the machinery in a proper way, it could be shown.  The burden was on the defendant to show that the presumption of liability for the purchase-money from receipt and use of the machinery was rebutted by objection made within a reasonable time.  Upon the state of facts found it was error to reject the testimony offered by the plaintiff that " the property had been greatly endangered by the defendant, and greatly deteriorated by its constant use by him ever since its delivery to him."

It may be that the purchaser within a reasonable time notified to the seller the objections to the machinery and offered to return it.  But this is neither pleaded nor shown in evidence.  Nor is there anything in the reply which (as defendant contends) cures the failure to allege in the complaint that notice of the defect in the machinery was given within a reasonable time.

Error.

DEFENDANT'S APPEAL.

1. Where there is a breach of warranty of quality, the vendee may (1) refuse to accept the goods; (2) if he has paid the purchase-money, return the goods and recover the money paid, or (3) plead the breach of warranty in diminution of the price.

2. Special damages for breach of warranty must be specially pleaded, and it must be shown that they are in contemplation of the parties; they are rarely allowed except in cases of fraud.

CLARK, J.: We concur with his Honor that the defendant was not entitled to recover by way of counterclaim the.cost of the house which he had specially built for the use of the machinery. This is not pleaded as special damages, and besides, it is too remote. It is settled by the leading case of *Hadley* v. *Baxendale*, 9 Exch., 341, and in many others, that where there is a breach of warranty as to quality, the purchaser (1) may refuse to accept the goods; (2) if purchase-money is paid, he may return the goods and sue to recover back the money paid; (3) or he may plead the breach of warranty in diminution of the price. 2 Benjamin on Sales, sec. 1348; 4 El. Ledg. Dam., 291.

Special damages for breach of warranty must be specially pleaded, and must, besides, be such as were within the contemplation of the parties as the necessary result of the breach of warranty, and are rarely allowable except in cases of fraud in inducing the contract. Where an action was for breach of warranty of a reaping machine, it was held that the plaintiff could not recover for the time and grain lost in attempting to operate the defective mower. *Frohrich* v. *Gammon*, 28 Minn., 476. There are many similar cases in the books, but this illustrates the principle sufficiently without further citation.

The defendant is not entitled to nominal damages for breach of warranty, as by failure to give notice in a reasonable time or pay for the machinery, the plaintiff was driven to his action to recover the property under the terms of the contract.

No Error.