(26 Misc. Rep. 472.)

BRUCE v. FISS, DOER & CARROLL HORSE CO.

(Supreme Court, Trial Term, Kings County. February, 1899.)

SALES—BREACH OF WARRANTY OF A HORSE—DAMAGES.

Where a horse purchased under a warranty that he was gentle and suitable to drive in a light wagon runs away while being so driven, breaking the wagon, and injuring the buyer, the warrantor is liable for the loss of the wagon and the buyer's injuries, though the warranty was not fraudulently made.

Action by Frederick J. Bruce against the Fiss, Doer & Carroll Horse Company. Verdict for plaintiff. Heard on motion for nonsuit reserved till after verdict. Denied.

Action for damages for breach of warranty in the sale of a horse. The plaintiff applied to the defendant, a dealer in horses, to purchase a horse to be used in his practice as a physician, of which he informed defendant. The defendant sold him a horse for such use, warranting it gentle and kind. When the plaintiff went to use it it kicked the wagon and over the dashboard in a spell of kicking and ran away. It was a vicious and dangerous horse. The plaintiff suffered personal injury and the wagon was broken. The action was brought to recover the damages caused by such injury to person and property. The complaint was based on an allegation of breach of the contract of warranty only, alleging no fraud or deceit in the making thereof.

Charles P. Barker, for plaintiff.
Edward M. Grout, for defendant.

GAYNOR, J. I think on reflection that the damages for injury to person and property are recoverable in this action, and not confined to an action of tort. Many cases may be cited where like damage was recovered, but in actions of tort, viz., on an allegation and proof of deceit or fraud in making the warranty. But to say that such damage may be recovered in an action for deceit does not hold it not recoverable if there be no deceit, but only a breach of the contract of warranty. The damages recoverable in the latter case are such as must have been in the minds of both of the contracting parties as likely to occur if the warranty should not prove true. In Smith v. Green, 1 C. P. Div. 92, the case was the warranty of a cow free from the foot and mouth disease. She was in fact infected with the disease, and gave it to the purchaser's herd. He sued for damages, claiming not only for the cow warranted but for the loss to his herd. There was a

count for breach of the warranty and another for fraud in the making of it. The jury found the warranty, but that there was no fraud. On motion to reduce the damages to the loss of the cow, and on appeal, it was contended for the defendant that for a mere breach of the warranty he was not responsible for the loss of the other cows, though he would have been if he had been guilty of a false representation. It was held that the measure of damage was the same without the fraud, as the result if the cow was infected must have been in the minds of both parties. So must the result of driving a kicking and runaway horse to a light wagon be in the minds of both parties when the horse is being bought and warranted kind and gentle for that purpose. The cases Allen v. Truesdell, 135 Mass. 75, and Case v. Stevens, 137 Mass. 551, are in tort, the latter not being easy to understand. I think the law is with the plaintiff, unless it may be avoided by some subtle distinction which is without foundation in reason. Short v. Matteson, 81 Iowa, 638, 47 N. W. 874; Swain v. Schieffelin, 134 N. Y. 471, 31 N. E. 1025; Trust Co. v. O'Brien, 143 N. Y. 284, 38 N. E. 266; Walker v. Milner, 4 Fost. & F. 745.

The motion is denied.