HUYETT & SMITH MANUFACTURING CO. v. S. H. GRAY.

(Decided March 6, 1900.)

*Petition to Rehear—Measure of Damage—Amendment—*
*Counterclaim—Recoupment—The Code, Section 965.*

1. In a counterclaim, a cross action is distinguished from recoupment under the former practice; where the property has been accepted by the buyer, such as machinery; the rule of damage is the difference between the value of the property received, and what it would have cost the defendant to purchase such machinery as that described in the contract and warranty.

2. Where, however, the answer (paragraph 5) alleges that the machinery, if as warranted, would have been reasonably worth $2,337, the contract price, and there was evidence, only, to that effect, there was no detrimental error in holding that the defendant could not recover more than the difference between the contract price, ($2,337) and the value of the machinery ($1,500) when received.

3. An amendment to paragraph 5 of the answer, by striking out $2,337 and substituting $3,500, asked for by the defendant (petitioner) under sec. 965 of The Code, can not be allowed, as it is apparent that to allow the amendment would not conform the record to the facts developed on the trial below, and would be unfair to the Court above, which decided the case upon the record as it then stood a year ago.

PETITION of defendant to rehear. Case decided February Term, 1899, and reported in 124 N. C., 322.

1. That the defendant has paid the costs adjudged against him in this action at the February Term, 1899, of this Court.

2. That he is advised and believes that the decision of this Court—reported 124-322—was erroneous in law in so far as it held, as applied to this action, that "the measure of damages is the difference between the price paid, or agreed to be paid, and the real or true value of the property received," and

that the Court should have held that the measure of damages "was the difference between the value of the said dry kiln apparatus as delivered to the defendant and its value had it come up to contract."

3. The evidence showed that the apparatus would have been worth $2,000 more if up to specifications than as it really was, and the jury found damages $2,000, which, by the judgment, went on the purchase money and overpaid the balance due. Why was this not the correct measure of damages? If the apparatus had not been delivered at all, defendant would have been damaged the difference between the purchase price, $2,337 and the $3,500, making $1,163. *Crawford v. Manufacturing Co.,* 88, 554; *Oldham v. Kerchner,* 81, 430.

Neither of these cases was cited on former argument. By the delivery the defendant was further damaged the difference between the purchase price, $2,337, and the actual value, $1,500, leaving $837. Adding these two elements together you have the $2,000.

4. This has been the established law here and elsewhere, and is held, according to our construction, in *Hobbs v. Bland,* 124—284, at this term, the only authority cited in measure of damages in the case at bar, which his Honor in delivering the opinion in this case seems to have misconstrued. It is said, p. 288, text: "The defendant owes the plaintiff this $90-note, less the endorsed credit of $30. But if the plaintiff warranted the mare to be sound when she was not sound * * * and sold her to him as a sound animal, and for the price of a sound animal, and the defendant was endamaged by reason of such unsoundness, he is entitled to recover * * * such damage as he has sustained by reason of such unsoundness, that is, the *difference between the value of the mare if she had been sound and her value in her unsound*

*condition;*" that is to say, the difference in her value as represented, and her real value—said difference to be applied on the purchase price, or to be recovered as a counterclaim.

The rule contended for by plaintiff was also applied in the following controlling cases, which were not called to the attention of the Court: *Homesley v. Elias,* 75—564; *Crawford v. Manufacturing Co.,* 88—554, where it is said: "The measure of damages for a *failure to furnish the machines* is the difference between the contract price and their marked value at Salisbury on the 1st day of May, 1881, less the cost of transportation."

*Oldham v. Kerchner,* 81—430, where it is said: "In an action for breach of contract in not delivering corn to be ground for defendant by the plaintiff at the mill of the latter, the measure of damages is    *    *    *    the difference between the cost of grinding and the contract price."

The object of the law is to give compensation to the extent of the actual damages, and the rule laid down by the Court in this case obtains only where the action is for failure to deliver, or, in case of delivery, only where it happens that the value as represented and the contract price is the same, and does not obtain where there is a delivery, and they are different. "Where the articles delivered are defective, the measure of the vendee's damages is what it would cost to supply the deficiency *without regard to the contract price."* *Marsh v. McPherson,* 195 U. S., 709; *Benjamin v. Hilliard,* 54 U. S., 149.

In the same case at bar J. L. Cooper testified that if the apparatus had come up to the specifications, it would have been worth $3,500. By some mistake in settling the case this evidence was left out. The cause has to be retried if judgment stands. Under the opinion rendered, the defendant

could not have the benefit of this evidence. The law should be so construed that he could. The evidence in the record is abundant to show the damage was $2,000 and upwards, according to above test, the one invariably heretofore applied in such cases.

5. There was no exception as to the measure of damages.

Wherefore, defendant petitioner prays your Honors to grant a rehearing as to so much of the opinion and judgment as holds that "the measure of damages is the difference between the price paid, or agreed to be paid, and the real or true value of the property received."

SIMMONS, POU & WARD,

*Attorneys for Defendant Petitioner.*

*Certificate of Counsel.*

We, the undersigned members of the bar and attorneys practicing before the Supreme Court, do hereby certify that we have no interest in the subject matter, have never been of counsel for either party to the action, that we have carefully examined the case and the law bearing upon the same and the authorities cited in the opinion, and that in our opinion the decision of the Supreme Court is erroneous in that it was held "the measure of damages is the difference between the price paid, or agreed to be paid, and the real or true value of the property received," and that in our opinion the Court should have sustained the judgment of the Superior Court, and held that the measure of damages "was the difference between the value of said dry kiln apparatus as delivered to defendant, and its value had it come up to contract."

W. H. DAY,

R. B. PEEBLES.

MANUFACTURING Co. *v.* GRAY.

The undersigned Justice, believing that the case is a proper one to be reheard, hereby orders that a rehearing be granted to the defendant petitioner as to so much of the opinion and judgment as holds that "the measure of damages is the difference between the price paid, and the real or true value of the property received."            WALTER CLARK,

November 7, 1899.                *Associate Justice.*

Petition of defendant to rehear received October 10, 1899, and, at request of petitioner, delivered to CLARK, J.

THOS. S. KENAN.

Restricted rehearing allowed, as per order within.

WALTER CLARK,

6th November, 1899.                *J. S. C.*

*Brief of Defendant Petitioner.—Rehearing.*

The order grants a rehearing only as to the measure of damages.

Court found only two errors, one in the admission of the declarations of Cunliffe, and the other in the measure of damages laid down in the charge.

I. The first is immaterial and harmless, because the facts in the letter of Gray to plaintiff, October 7, 1889 (p. 19 of record), are admitted to be true (p. 20). The declarations of Cunliffe only tended to prove notice to plaintiff, and said letter fixes the notice absolutely.

Again, the judgment of the Supreme Court fixes plaintiff absolutely with liability for damages, and there is no order to rehear as to the liability, but only as to the *measure.*

II. The only remaining questions are: (1) As to the measure of damages, and (2) as to what course should be pursued if petition is granted.

1. As to whether the measure laid down on appeal was erroneous, petitioner cites and relies upon the authorities set out in the petition.

2. If found erroneous, defendant contends that the proper course is to affirm the decision of Judge Brown in the lower court. Why not do this? The evidence was sufficient to justify the verdict (see brief of defendant on original hearing), and the judgment necessarily followed the verdict. It is no hardship on plaintiff. It had agreed that upon notice it would take the apparatus back and return the payments that had been made, in case the apparatus could not do the work stipulated (pp. 13 and 14). Defendant paid $400 at time apparatus was received (pp. 16 and 20). Defendant, after a large expenditure, and within a reasonable time, notified plaintiff that apparatus could not do the work, which is admitted, and also found to be true (pp. 19, 20, and 15).

Defendant was only exercising his right under the contract to hold apparatus till the $400 was refunded.

SIMMONS, POU & WARD,
*Attorneys for Petitioner.*

*Messrs. Simmons, Pou & Ward,* and *O. H. Guion,* for petitioner.
*Mr. W. D. McIver, contra.*

FURCHES, J.   This case was before us at February Term, 1899, and is reported in 124 N. C., 322. It is here now on a petition to rehear, restricted to a discussion of the measure of damages.

When it was here before the defendant's answer contained the following paragraph: "5. That if said apparatus and

8——126

machinery had been as warranted, it would have been reasonably worth the sum of $2,337, whereas the said machinery, in the condition as it was, in reality was worth nothing."

The plaintiff filed a replication to the defendant's answer, setting up a counterclaim for damages, for breach of warranty, and on the trial the plaintiff offered in evidence the fifth paragraph of defendant's answer, quoted above. The only evidence the defendant offered on the trial as to the value of the machinery, and as affecting the question of damage, was that of D. R. Tilford, who testified as follows: "If the dry kiln had been all right, or what the contract called for, it would have been worth fully $2,337, the contract price." Of course the record is now the same it was on the former hearing, and it is too plain for argument that upon this record, answer and evidence, the defendant could not recover more than the difference between the contract price ($2,337), and the value of the machinery $1,500) when received.

This is what was held by the Court when the case was here before, and the defendant, being met with these facts, saw his difficulty, and conceded that he could not get along with this record. He then moved the Court to be allowed to amend the record, by striking out $2,337, in paragraph 5, and inserting $3,500. This motion is made under sec. 965 of The Code. This section of The Code does seem to authorize this Court to allow amendments, by making formal parties, or by making formal amendments as to description and such like matters, in the furtherance of justice, when it is apparent that such amendments can work the parties no harm, and only makes the record conform to the facts developed on the trial of the case.

But there are two objections to allowing the amendment in this case—one is, that it would be to allow the amendment of

a record in a case heard a year ago, for the purpose of enabling the defendant to assign error in the opinion of the Court rendered upon that hearing. But there is another reason why we can not allow the amendment asked for, and we prefer to put our refusal upon this ground; that is, that it is apparent to us that to allow the amendment would not be to make the record conform to the facts developed on the trial below, but would be in contradiction of the evidence adduced on the trial below, and the theory upon which the trial must have proceeded. Therefore, we can not allow the motion to amend, nor the petition for a rehearing. As the case went back for a new trial upon the opinion of the Court when here before, our ruling upon the motion to amend and the petition to rehear will not materially affect the defendant's rights, as he may renew his motion to amend in the court below, and it will then be a matter for the discretion of that court.

But the discussion of the matter has called to our attention the opinion delivered in this case as to the rule by which damages are to be ascertained, and while the ruling is correct as to this case, upon the pleadings and evidence, we are of the opinion that it is not correct as a general proposition of law.

The writer of that opinion and of this fell into this error in treating the action as at law under the old practice, and the defendant's answer as a defense—a recoupment—when it should have been treated as a counterclaim—a cross action. Thus treating the answer, the rule of damage, as we understand it (where the property has been accepted by the buyer as in this case), and the property purchased is machinery (as in this case) is the difference between the value of the property received and what it would have cost the defendant to purchase such machinery as that described in the contract and warranty. *Marsh v. McPherson,* 105 U. S., 709, cited by defendant's counsel.

This we say as a matter of justice to the parties, and also for the purpose of correcting an error on the first opportunity we have of doing so. While the opinion delivered at February Term, 1899, is the opinion of the whole Court, the writer of the opinion, as then delivered, thinks it is proper that he should write the opinion correcting the error, as it may be that he is more responsible for the error than the other members of the Court.

Motion to amend denied, and the petition to rehear Dismissed.