HUYETT-SMITH MANUFACTURING CO. v. GRAY.

(Filed December 20, 1901.)

CONTRACTS—*Sale—Machinery—Warranty—Issue.*

> Where a party bought machinery and used it for a long time and when sued for the purchase-price, sets up a breach of warranty, the only issue to submit is one as to the value of the machinery when delivered.

ACTION by Huyett-Smith Manufacturing Company against Ralph Gray and Ira Gray, administrators of S. H. Gray, heard by Judge *A. L. Coble* and a jury, at Fall Term, 1900, of the Superior Court of CRAVEN County. From a judgment for the defendants, the plaintiff appealed.

*W. D. McIver,* for the plaintiff.
*Simmons & Ward,* and *W. W. Clark,* for the defendants.

CLARK, J. This action began 20th January, 1890, to recover possession of a "dry-kiln hot-blast apparatus" which plaintiff sold to defendant for the price of $2,337, title retained till purchase-money paid, and on which only $400 has been paid. The case has been pending ever since, and four opinions therein have been heretofore written in this Court. In the meantime, the defendant has gone on using the machine, and the evidence in the last trial below is that the machinery is now only a lot of scrap-iron worth $100. That, and the bill of costs (which doubtless is much more than

$100) and the replevin bond alone remain. The original defendant is dead, and is now represented by his administrator.

It is necessary to review the former decisions herein. In 111 N. C., 87 (1892), in plaintiff's appeal, it was held that the plaintiff was entitled to recover possession and damages for use and deterioration during detention by defendant, and that it was error to exclude evidence to show such damages. That was the only error declared, as in the defendant's appeal, same volume, pages 92, 93, it was held that there was no error in excluding defendant's counter-claim for cost of house he had built to shelter the machinery. This issue of damages for deterioration has been found in both trials since, and the deterioration assessed at $1,400, which, as the value of the property when bought is assessed at $1,500, bears out the above evidence of the "remains" being worth $100. It has now become a useless issue, as delivery in specie is no longer possible.

When the case was here again, 124 N. C., 322 (1899), the jury found that the difference between the value of the machine sent and what it would have been worth if it had come up to contract, was $2,000. As $400 had been paid on the $2,337 purchase price, leaving $1,937 unpaid, the Judge gave judgment for $63 in favor of defendant, who retained the machinery, which he had used for years. This was putting the worth of the machinery when bought at $337, though on another issue the jury found it had depreciated in value $1,400 since bought, the evidence for the defense being that at the time of the purchase it was worth $1,500. The Court held that the second issue should have been "the difference between the value of the machinery when delivered and the contract price." The Court had already said the same on the defendant's appeal, 111 N. C., 92, that this should be the abatement of the purchase price for breach of warranty.

On this basis the defendant would be liable for $1,500, less payment $400, *i. e.*, $1,100 and interest, which is evidently, upon the evidence and all the findings, the just result, if defendant's evidence is to be believed.  If plaintiff's is to be believed, there should be no abatement, and a judgment for the purchase price less payment made of $400.

On a rehearing, 126 N. C., 108 (1900), the Court held that, as an abstract proposition, the defendant could show what such a machine as he had contratcted for "could have been bought on the market"—else a buyer would lose the profit of a good bargain if he had bought at less than the market price—but further held that, inasmuch as the defendant in his answer had averred that the value of such a machine as he had contracted for was $2,337, the error in the former decision was not detrimental, and dismissed the petition to rehear, though correcting the abstract proposition of law to conform to *Marsh v. McPherson*, 105 U. S., 709.

When the case went back, the Judge below allowed the defendant to amend his answer to allege that such a machine as he had contracted for would have been worth $3,500.  The jury evidently so found, as they assessed defendant's damages at $2,000, assessing $1,400 again as the deterioration, and the defendant's evidence being that the "remains" were worth $100, *i. e.*, that the machine was worth $1,500 when bought, on which only $400 had been paid, but that the machine such as he had contracted for would have been worth $3,500.  Deducting $2,000, abatement for breach of warranty, from the balance of $1,937 due on the purchase-money, the defendant again recovered $63 and costs, besides the free use of the machinery till worn out, and even keeps $100 of scrap iron still left.

But it appeared from defendant's evidence that there is no dry-kiln in the market that would "dry 25,000 feet of North Carolina green snp-pine, with 80-horse power boiler

and 60 pound pressure." The defendant thereupon asked the following instruction, which should have been given: "If the jury find that there was no apparatus on the market which had the capacity claimed for that in question, then what its value was would be speculative and not a fair basis to estimate the damages; and in that case, the measure of damages would be the difference in value between the apparatus as delivered and the contract price."

In effect, under the ruling in our previous decisions, the issue should be only one—simply, what was the value of the machinery when delivered? The defendant having accepted and used the machinery, is, upon the evidence as heretofore uniformly given in his behalf, entitled to damages for breach of warranty by abating the purchase-price down to the real value of the machinery when delivered, if the jury find there was a breach of warranty. The plaintiff's evidence has been that it was worth $2,337; the defendant's that it was worth $1,500. Whatever the jury find that it was, the agreed amount of payment—$400—should be deducted, and the plaintiff is entitled to a judgment for the difference, with interest and costs. Any other result would be a miscarriage of justice. The defendant is not entitled to speculative damages for an ideal machine which was not on the market in 1889, and which, by his own evidence, is not on the market now. It could therefore have no market value. As the claim-and-delivery remedy is now out of the question, the issue as to deterioration has become useless. The above measure of damages has been laid down by us in all the previous decisions in this case, and the case must have gone off upon them but for the amendment allowing defendant to charge that he had contracted to buy a new machine worth $3,500 of the manufacturers for $2,337. This was an ideal valuation, as there was no such machine, and no market value for it. This his own evidence has established by showing that no machine

of that description was then, or is now, made. If defendant insists on his damages being assessed in a separate issue, the Court should give the above instruction if there is evidence to that purport.

If the jury find that the machine did not come up to the warranty, the defendant should pay for the real value at the time of purchase of the machine he bought, used and wore out, and if it is less than the contract price, it is for the jury to assess its value at date of purchase, and the Court should deduct the admitted payment, and, as already said, render judgment for the balance, with interest from date when purchase-money was due—without, of course, the attorney's fee of ten per cent stipulated for in the contract (*Turner v. Boger,* 126 N. C., 300, and cases cited), and for costs.
Error.