[No. 9206.   Department Two.   July 24, 1911.]

LOUIS MULLERLEILE *et al.*, *Respondents*, v. GUSTAVE BRANDT *et al.*, *Appellants*.[1]

ACTIONS—JOINDER OF CAUSES—ARISING OUT OF SAME TRANSACTION.   Causes of action to recover the sum paid for a horse, on breach of a warranty that it was gentle, and for damages received in a runaway while attempting to drive it, may be united, as they both arise out of the same transaction, the breach of warranty.

SALES — BREACH OF WARRANTY — DAMAGES — MEASURE.   Upon breach of a warranty that a horse was a gentle family driving horse, damages for personal injuries sustained in a runaway while attempting to drive it may be recovered on showing the breach and damages, without any proof of the value of the horse.

SALES—BREACH OF WARRANTY—DEFENSES—CONTRIBUTORY NEGLIGENCE—INSTRUCTIONS—QUESTION FOR JURY.   Where a horse, sold March 20, 1909, was warranted gentle, and was in the purchaser's

[1]Reported in 116 Pac. 868.

possession until June 10 when it ran away, in an action for breach of the warranty, in which there was evidence that the plaintiff had notice that the horse was high spirited, that plaintiff was an unskillful driver and negligent, and had ample opportunity of learning the character and habits of the horse, it is error to refuse to instruct the jury that the plaintiff could not recover for personal injuries sustained in the runaway, if guilty of contributory negligence in driving which in whole or in part caused the runaway and accident; whether sufficient time had elapsed to acquaint the plaintiff with the true character of the horse, and the contributory negligence, being questions for the jury.

Appeal from a judgment of the superior court for Chelan county, Grimshaw, J., entered April 26, 1910, upon the verdict of a jury rendered in favor of the plaintiffs, in an action for breach of warranty. Reversed.

*Reeves & Reeves*, for appellants.

*John E. Porter* and *Porter & Thomason*, for respondents.

Crow, J.—Action for damages by Louis Mullerleile and Gena Mullerleile, husband and wife, against Gustave Brandt and Elizabeth Brandt, husband and wife. Plaintiffs, in substance, alleged they purchased a horse from defendants, which defendants warranted to be a gentle, family driving horse; that when the plaintiff Gena Mullerleile was driving the horse, it ran away and damaged a buggy to which it was harnessed; that plaintiffs relied on defendants' warranty, as they well knew; that plaintiffs paid $150 for the horse; that it was a vicious, dangerous, and worthless animal, and that by reason thereof plaintiffs were damaged in the sum of $150. For a second cause of action plaintiffs alleged the purchase and warranty; that the horse was a vicious and dangerous animal; that it had been in the habit of running away; that the respondent Gena Mullerleile, when driving the horse, was thrown from the buggy and personally injured, to plaintiffs' damage in the sum of $275, and that plaintiffs' buggy was also damaged in the sum of $75. A verdict was returned for $275, upon which judgment was entered. The defendants have appealed.

Appellants contend the trial court erred in overruling their demurrer to the complaint, their grounds being that the two causes of action were improperly joined, and that facts sufficient to constitute a cause of action were not stated. The causes of action separately pleaded grew out of the same transaction, the breach of the warranty, and affect all the parties. The complaint certainly stated facts sufficient to show damages sustained. In *Bruce v. Fiss, Doer & Carroll Horse Co.*, 26 Misc. Rep. 472, 56 N. Y. Supp. 234, the syllabus reads as follows:

"Where a horse purchased under a warranty that he was gentle and suitable to drive in a light wagon runs away while being so driven, breaking the wagon, and injuring the buyer, the warrantor is liable for the loss of the wagon and the buyer's injuries, though the warranty was not fraudulently made."

The demurrer was properly overruled.

Appellants further contend the trial court erred in denying their motion for a nonsuit and directed verdict. They argue that the respondents cannot recover damages for personal injuries predicated on the alleged breach of warranty. On the trial no competent evidence as to the value of the horse or the extent of the damage to the buggy was introduced, and under the instructions given by the trial judge, the jury awarded damages for personal injuries only. The evidence, however, was sufficient to show the warranty, the dangerous character of the animal, that it ran away, and that Mrs. Mullerleile was thereby injured. If the animal was sold and warranted as a gentle driving horse, it must have been within the contemplation of the parties that it was to be so used. In *Bruce v. Fiss, Doer & Carroll Horse Co.*, 47 App. Div. 273, 62 N. Y. Supp. 96, an appeal of the case above cited, it appeared that defendant sold plaintiff a horse which was warranted to be sound, true, gentle, kind in harness, and suitable to be driven in the practice of plaintiff's profession as a physician. The horse was in fact vicious,

and injured plaintiff who sued for damages thereby sustained. The court, holding that damages for personal injuries could be recovered, said:

"In general, the measure of damages in an action for breach of warranty is 'the difference between the value which the thing sold would have had at the time of the sale, if it had been sound, or corresponding to the warranty, and its actual value with the defect.' 2 Sedg. Meas. Dam. § 762. But 'where an article is warranted fit for a particular purpose, the purchaser can recover the damages caused by an attempt to use it for that purpose.' Id. § 766. As to what special or consequential damages can be recovered in case of breaches of warranties of the latter class, the authorities are at variance. In England the cases go very far in allowing indemnity to a purchaser for any injury that may have resulted from a failure to make the warranty good."

After citing and commenting upon a number of cases, the court further said:

"The evidence in this case was sufficient to warrant the jury in finding that the horse was sold to the plaintiff, not only with the warranty that he was sound, kind, and gentle in harness, but also that he was suitable for the plaintiff to drive as a carriage horse. We think one of the most natural and probable results of a breach of this warranty and from the viciousness of the horse would be injury to the vehicle and its occupants. Unless a distinction can be drawn between a warranty on the sale of a horse and that in case of the sale of any other article, we cannot see why the defendant is not liable under the authorities cited."

The motions for a nonsuit and directed verdict were properly denied.

There was evidence, that the respondents purchased the horse on March 20, 1909; that the runaway did not occur until June 10, 1909; that respondents in the meantime had the horse in their exclusive possession and control; that Mrs. Mullerleile had driven it twice; that the appellants had notified respondents the horse was high-spirited; that Mrs. Mullerleile was a careless and unskillful driver; and that the respondents had ample opportunity for learning the character

of the horse prior to the accident. Appellants, in their answer, alleged that respondents were acquainted with the character and habits of the horse prior to the purchase, and that if Mrs. Mullerleile was injured, in the manner alleged or in any other manner, such injury was due to the careless and negligent manner in which she was driving. Appellants requested, but the court refused, an instruction to the effect that, if Mrs. Mullerleile was guilty of contributory negligence in driving carelessly, which in whole or in part caused the runaway and accident, then the respondents cannot recover. This instruction, or one to the same effect, should have been given. Although appellants would ordinarily be liable for damages resulting from the breach of their warranty, some duty devolved upon respondents. They could not keep and use the horse for an indefinite length of time, and in the event of the occurrence of an accident, alleged to have resulted from his vicious character, maintain an action against the appellants for personal injuries thereby sustained. Sufficient time might elapse before an accident to preclude the buyers from maintaining any action at all. On the evidence before us, however, we are of the opinion that the questions whether such a time had elapsed, whether respondents should have known the true character of the horse, and whether they were guilty of carelessness and contributory negligence, were for the jury, and should have been submitted to them by proper instructions. The refusal to give the instruction requested constituted prejudicial error.

The judgment is reversed, and the cause remanded for a new trial.

Dunbar, C. J., Chadwick, and Morris, JJ., concur.