[No. 14758. Department Two. October 14, 1918.]

BAKER MANUFACTURING COMPANY, *Plaintiff*, v.
GILBERT G. HALL *et al., Defendants*.[1]

SALES (165)—REMEDIES OF BUYER—COUNTERCLAIM FOR BREACH OF
WARRANTY—MEASURE OF DAMAGES. Upon counterclaim for breach
of warranty, in an action for the price of graders, the defendants'
measure of damages would be the difference between the purchase
price and the actual value of the goods when delivered, the sale
price of machinery being *prima facie* the value, and any evidence
of value for the particular job in excess thereof is inadmissible as
speculative.

SAME (165). In an action for the balance due on the purchase
price of machinery, in which there was a counterclaim for damages
for breach of warranty, it is error to give instructions limiting the
allowance for damages to the balance due.

Cross-appeals from a judgment of the superior court
for Pacific county, Hewen, J., entered October 8, 1917,
upon the verdict of a jury rendered in favor of the
plaintiff, in an action on promissory notes. Reversed.

*Lockerby & Wright,* for plaintiff.
*Fred M. Bond,* for defendants.

HOLCOMB, J.—In this action both parties appeal, and
we will therefore designate them as plaintiff and de-
fendants. Plaintiff sued to recover on two promissory
notes, each for $220, given by defendants, payable on
July 5, 1916, and August 5, 1916, respectively, with
interest at eight per cent per annum and collection
charge. Defendants admitted the execution and de-
livery of the notes and that they are unpaid. By af-
firmative answer and cross-complaint, they pleaded
failure of consideration, and that the notes were given
as a part payment for two Maney four-wheel graders

[1]Reported in 175 Pac. 304.

or scrapers, which were sold by plaintiff under a written contract containing the following guaranty:

"These machines to be guaranteed to effect a saving of at least twenty-five per cent over a like number of No. 2 wheelers when operated in accordance with the instructions of the manufacturer and under like conditions. In consideration of which vendee agrees to pay six hundred sixty dollars as follows: $220 cash on delivery of this order, $440 in notes with interest, dated same date as bill of lading, maturing as follows: One note of $220 due sixty days from date of delivery, one note due ninety days from date of delivery."

The machines were received by the defendants on May 9, 1916, pursuant to the written contract. Defendants allege that the machines were given a fair trial, but they failed to fulfill the above warranty, and if the machines had been as warranted they would have been worth the sum of $1,000 each, while as they were they would not be worth to exceed $30 each, damaging them on this ground in the sum of $1,940.

It is alleged that, prior to the purchase of the graders from plaintiff, the defendants had secured a contract with Pacific county to construct about three and one-half miles of what is known as the "Mill Creek road;" that plaintiff, being advised of this fact, caused its agents to visit the site of the proposed road and, being familiar with the character of the work to be done, sold the machines to the defendants for use in such construction; that the actual cost of moving the 22,000 yards of earth on this job with No. 2 wheel scrapers was forty and one-half cents per yard, or a total of $8,855; that, if the graders had been as warranted, defendants would have saved twenty-five per cent of this sum, being $2,213.75.

Defendants ask judgment for the sum of $4,153.75. The plaintiff, replying, admits that the notes were given as part of the purchase price of two Maney

graders; admits the contract including the warranty; denies the breach of warranty and that defendants have been damaged. Upon the trial before a jury, the plaintiff introduced the notes in evidence and rested. The defendants introduced evidence on the issues of breach of warranty and damages. At the close, plaintiff moved for a directed verdict, which was properly denied. The jury returned a verdict of $45 in favor of plaintiff. Plaintiff moved for judgment *non obstante veredicto* and, in the alternative, for a new trial. Defendants also moved for a new trial. The court denied these motions and entered judgment for $70, adding $25 as attorney's fee to the verdict of the jury in favor of plaintiff.

Plaintiff assigns that the court erred: (1-2) In overruling objections to questions propounded to witness Hall concerning the value of the two Maney graders as delivered, and in refusing to strike the answers thereto; (3) in overruling plaintiff's motion for a directed verdict; (4) in refusing to give plaintiff's requested instruction No. 3; (5-6) in giving instructions No. 3 and 4; (7) in overruling plaintiff's motion for judgment notwithstanding the verdict, and (8) in overruling plaintiff's alternative motion for a new trial.

Defendants assign that the court erred (1-2) in refusing to allow defendant Hall to testify as to what the market value of the machines would be if they were as warranted, and in striking the testimony as to the market value of the machines as represented; (3-4) in giving instructions Nos. 3 and 4; (5) in denying defendants' motion for new trial, and (6) in giving plaintiff judgment for $70 when the verdict of the jury was for $45.

Without defendants' affirmative defense and cross-complaint, plaintiff would have been entitled to judgment on the notes, with costs and a reasonable attor-

ney's fee fixed by the court, under Rem. Code, § 475. Defendants' affirmative defense and cross-complaint being for breach of warranty and damages and not to rescind, the measure of damages would be the difference between the purchase price and the actual value of the goods when delivered. *Walsh v. Meyer,* 40 Wash. 650, 82 Pac. 938; *Abrahamson v. Cummings,* 65 Wash. 35, 117 Pac. 709; *Mullerleile v. Brandt,* 64 Wash. 280, 116 Pac. 868.

In *Sanderson v. Trump Mfg. Co.,* 180 Ind. 197, 102 N. E. 2, the court said:

"The usual rule is that the measure of damages for a breach of warranty in the sale of machinery is the difference between the value of the machinery delivered and the value of such as would have complied with the warranty, and the contract price is *prima facie* the latter value."

See, also, *Walsh v. Meyer, supra; Street v. Chapman,* 29 Ind. 142; *Booher v. Goldsborough,* 44 Ind. 490; *Hooper v. Story,* 155 N. Y. 171, 49 N. E. 773; *Parker v. Fenwick,* 138 N. C. 209, 50 S. E. 627.

It is a settled rule that the sale price is *prima facie* evidence of the value of a warranted chattel had it possessed the requisite quality. *Vaupel v. Lamply,* 181 Ind. 8, 103 N. E. 796. Any value estimated above the contract price would be speculative unless a similar apparatus is in the market gauged to the same capacity as represented by the warranty.

In *Huyett-Smith Mfg. Co. v. Gray,* 129 N. C. 438, 40 S. E. 178, 57 L. R. A. 193, the court said:

"The defendant thereupon asked the following instruction, which should have been given: 'If the jury find there was no apparatus on the market which had the capacity claimed for that in question, then what its value was would be speculative, and not a fair basis to estimate the damages; and in that case, the measure

of damages would be the difference in value between the apparatus as delivered and the contract price.' ''

If the purchase price had been paid in full, the defendants would have been entitled to recover for a breach of warranty the difference between the purchase price and the actual value of the machines at the time of delivery. So here, whichever was the greater, the amount of the notes sued on or the damages for the breach of warranty, if any, a judgment for the difference should be entered in favor of the one entitled thereto. In other words, the damages may be set off against the amount of the notes if less than the notes, or the amount of the notes may be set off against the damages if less than the damages.

Defendants entered into the alleged contract with the county before the plaintiff's sale and warranty was made, and used from five to twelve of the two-wheel graders on the job at irregular periods as necessity required. The two Maney graders were not purchased to do the entire job. Therefore the 25 per cent of the cost of doing the entire job is not the proper measure of damages.

Hall's rejected testimony was merely speculative and, under the rule of recovery herein stated, was properly excluded.

The court's instructions Nos. 3 and 4 are as follows:

''3. This leaves for the consideration of the jury the following features:

'' (1) Has the warranty contained in the contract of sale heretofore mentioned been broken by the plaintiff?

'' (2) If it has been broken, how much less in value were the machines worth at the date of the sale than in the purchase price of same to the extent of the unpaid balance, namely: $440 and interest as aforesaid?

'' (3) The jury may, if they find such breach of warranty existed and that the graders were worth less thereby, counterclaim or set off said amount of said

diminished value against the notes, subject, however, to the following considerations: evidence has been introduced on the part of the defendants that the said machines were worth the sum of $20 each, or $40 for the two machines. Your verdict, therefore, will be in favor of the plaintiff for not less than the sum of $40 and interest from the time of their delivery, and not more than the amount of the two notes, being $440 with interest as already stated.

"(4) The issues as thus narrowed down are comparatively simple. The execution and delivery of the notes is admitted and that they are unpaid. The contract and warranty are admitted and there is nothing therefore for you to consider in that respect. The only matter for your determination is—was the warranty by the plaintiff that 'These machines to be guaranteed to effect a saving of at least 25 per cent over a like number of No. 2 wheelers when operated in accordance with the instructions of the manufacturer and under like conditions' broken by the plaintiff? In other words whether said machines complied with the terms of said warranty, and if the machines did not comply with said warranty, how much less were the machines worth by reason of said failure to comply with the terms of said warranty. As before set forth, the defendants have admitted that the graders purchased were worth $20 each, and therefore your verdict must be in favor of the plaintiff and against the defendants for at least the sum of $40 and interest from the date of their delivery to the defendants. On the other hand, your verdict against the defendants and in the favor of the plaintiff under the instructions of the court, in view of the matters withdrawn from our consideration as stated, cannot exceed the amount of the notes sued on, which are dated May 5th, 1916, and bear interest at 8 per cent, namely $440 with interest and attorneys fees."

From what we have said, it appears clearly that these instructions are erroneous; and in view of the fact that a new trial must be ordered, it becomes unnecessary to discuss other assignments of error, they

being without merit. Costs will abide the final out-
come of the case.

Reversed and remanded for new trial.

MOUNT and MACKINTOSH, JJ., concur.

CHADWICK, J., concurs in the result.