Gaston, Judge.
 

 — There is a well known distinction between obligations imposed by the law, and those created by express contract. When the law imposes a duty, and the party charged is disabled to perform it without any default in him, and he has no remedy over, the law will
 
 excuse
 
 him; but when the party, by his own contract^ imposes unconditionally a duty or charge upon himself, he is bound to perform it, or answer in damages for its non-! performance, notwithstanding any accident by inevitable necessity. In the latter case, the contract constitutes the law between the parties, and if it contain no exception, none will be presumed. This court agrees, therefore, with the judge below, in holding that the engagement of the defendant was absolutely binding to the extent of that engagement; and it is also of opinion with him that the covenants of the respective parties to this indenture were mutual and independent. But we do not concur in the construction which was given below to the covenant of the defendant. It seems to us that an engagement to teach the apprentice, or to cause the apprentice to be. taught, a trade, is not an engagement that the apprentice will learn that trade. If it were so, then had the apprentice died on the day succeeding the execution of the indenture, or had been visited by . an infirmity which ■ utterly disabled him to learn, or had obstinately resisted every proper effort to make him learn, the covenant would have been broken, and the defendant responsible in damages for the breach. Nor do we think that, in such a case, these circumstances should avail to lessen the damages; for if an individual deliberately bind himself to
 
 insure
 
 a certain result, and the obligation is broken, the extent of the injury forms the measure of damages, however the performance may have been defeated. It would be doing violence, we think, to the words found in this covenant, to regard them as stipulating for more than faithful, diligent and skilful instruction. The case of
 
 Winston
 
 v.
 
 Linn,
 
 4 Eng. C. L. Rep. 131, which has been cited for the plaintiff, does not conflict
 
 *406
 
 with this opinion. It was there held that the covenants were mutual and independent, and that disobedience on the part of the apprentice, and his temporary withdrawal from the service of the master, did not warrant the latter in insisting that the
 
 indenture was dissolved.
 
 It decides no more; and the learned Mr. Justice Bayley, who presided on that occasion, and whose views are given more
 
 in extenso
 
 than those of his brethren, expressly says, “ If he (the apprentice) “ had continued to absent himself to the end of the term, there can be no doubt but
 
 that
 
 would have been an answer to the action.”
 

 This court is also of opinion, that the evidence offered of the acts and declarations of the apprentice was improperly rejected. They may not have been of great importance, and they are not evidence because of any credit due to the party by whom they were done or uttered ; -but his
 
 acts
 
 are evidence because they are
 
 his
 
 acts; and his declarations are evidence because his disposition and temper are subjects of investigation; and these cannot be ascertained but through the medium of such external signs.
 

 The judgment below is to be reversed, and a new trial awarded.
 

 Per Curiam. Judgment reversed.