DAVID OGDEN, APPELLANT, *v.* JOTHAM PARSONS, JOHN A. McGRAW, JOSHUA ATKINS, EDWIN ATKINS, AND JOSHUA ATKINS, JUN.

Where a charter-party stipulated that a vessel should receive a full cargo, the opinions of experts are the best criteria of how deeply she can be loaded with safety to the lives of the passengers.

THIS was an appeal from the Circuit Court of the United States for the southern district of New York.

Parsons and the other appellees were the owners of the ship Hemisphere, and a charter-party was executed between their agents and Ogden, the terms of which, together with the other facts of the case, are summarily stated in the opinion of the court.

The libel was filed in the District Court, praying for a writ with a clause of foreign attachment. The writ was accordingly issued against Ogden, commanding the marshal to take his person; if not found, then to take his goods and chattels; if none found, then to attach his credits in the hands of garnishees.

Ogden appeared, and the case proceeded through the District and Circuit Courts in the manner stated in the opinion of the court. From the decree of the Circuit Court, Ogden appealed.

It was submitted on printed arguments by *Mr. Owen* and *Mr. Vose* for the appellant, and by *Mr. Parsons* and *Mr. Donohue* for the appellees.

The arguments upon both sides entered into the merits independently of the evidence of their witnesses, whose testimony the court considered to be conclusive upon the point of what ought to be considered a full cargo. It is not thought necessary, therefore, to report those arguments.

Mr. Justice GRIER delivered the opinion of the court.

The libellants let the ship Hemisphere by charter-party to David Ogden on a voyage from Liverpool to New York. The covenants which are the subject of this litigation are briefly as follows: " Ogden, to furnish a *full cargo* of general merchandise, and not exceeding 513 passengers, to pay £1,500 for the use of the ship, to have fifteen running lay days, and for every day's detention beyond that to pay one hundred dollars."

The libel demands $700 as demurrage for seven days, and for a balance yet due on the contract.

The answer denies any liability for demurrage, admits that

the whole amount of £1,500 has not been paid, and charges libellants with breaches of their charter-party, and damages in consequence thereof exceeding the balance claimed by them.

1st. "Because that they carelessly, wrongfully, and contrary to usage, stowed portions of the cargo where it ought not to have been stowed," and thereby deprived respondent " of the full and lawful use of the ship," by having room for only 350 passengers instead of 513.

2d. That libellants would not take and rec ve "a *full cargo* of general merchandise."

The District Court decided against the charge for demurrage, but allowed the respondent no damages for the alleged breaches of the charter-party by libellants.

On appeal by respondent to the Circuit Court, the sum of $1,200 was allowed him by that court for the breach first mentioned with regard to the number of passengers received.

From this decree the respondent has appealed to this court.

As the libellants have not appealed from the decree of either the District or Circuit Court, the only question now to be considered is, whether the respondent has shown himself entitled to more damages than were allowed him by the Circuit Court.

The judge of the Circuit Court being of opinion, from the evidence, that the cargo might and ought to have been stowed so as to admit the full number of passengers, (513,) made a calculation from admitted data of the damage to respondent on that account, without referring the case again to a master, and deducted the sum of $1,200 from the amount of the decree of the District Court. Of this the appellant does not complain, but insists that the owners had refused to receive a "full cargo of merchandise."

The registered tonnage of the ship was 1,030 tons; the cargo of general merchandise received was 1,297 tons.

The charter-party covenants for no specific amount to be received. What was "a full cargo" under all the circumstances, and whether the ship could have been loaded to a greater depth than 18 feet 10 inches with safety to the lives of the passengers, was a question which could be solved only by experienced shipmasters. Where experts are introduced to test-

ify as to opinions on matters peculiar to their art or trade, there is usually some conflict in their testimony. What was a full cargo for this ship to carry with safety was not a fact which could be settled by any rule of law or mathematical computation, and the court must necessarily rely upon the opinions of those who have experience, skill, and judgment, in such matters. At least three competent witnesses of this character testify that the ship was loaded as deep as prudence would permit, under all the circumstances. Both the District and Circuit Court were of the same opinion, and we do not find in the evidence anything to convince us that they have erred.

Let the decree of the Circuit Court be affirmed with costs.