HUGHES v. KNOTT.

(Filed March 20, 1906).

*Sales—Contracts—Readiness to Perform.*

1. Where the defendants agreed to deliver a certain quantity of tobacco f. o. b. cars in Raleigh on 1 July, to the plaintiffs, who agreed to receive and pay for it at that time, and neither party was ready to comply on that day, but both were able to comply on 4 July, when the plaintiffs made a demand which was refused and there was no extension of time, plaintiffs are not entitled to recover the tobacco.

2. Neither party to a contract can demand performance by the other without alleging and proving his own readiness to perform his part of the contract at the specified time and place.

ACTION by W. T. Hughes and another against R. H. Knott and others, heard by *Judge C. M. Cooke* and a jury, at the October Term, 1905, of the Superior Court of WAKE. From a judgment for the defendants, the plaintiffs appealed.

*Wm. H. Ruffin* for the plaintiffs.
*Pou & Fuller* and *B. M. Gatling* for the defendants.

CLARK, C. J. The defendants agreed to deliver a certain quantity of tobacco f. o. b. cars in Raleigh on 1 July to the plaintiffs, who agreed to receive and pay for it at that time. It appears from the verdict and admissions that neither party was ready to comply on that day, that both were able to comply on 4 July, when the plaintiffs made a demand which was refused and that there had been no extension of time. On 6 July the plaintiffs began this action to recover the tobacco.

It was held when this case was here before, *Hughes v. Knott,* 138 N. C., 109, "neither party can demand performance by the other without alleging and proving his own readiness to perform his part of the agreement" at the specified

time and place. If the defendants had sued the plaintiffs for failing to take and pay for the tobacco on 1 July, the latter could have set up as a defense that these defendants were not able and ready to deliver the tobacco on that day. Indeed the burden would be on them to prove such condition precedent. But the plaintiffs who are suing for the possession of the tobacco, cannot dispense with the prerequisite of showing that they were ready and able to take and pay for the tobacco on 1 July, by showing that if they had been, the defendants were not able to deliver on that day. Both having broken the contract, neither can sue the other for its breach. *Ducker v. Cochrane,* 92 N. C., 597.

The whole matter was so fully discussed on the former appeal, and the principle so clearly stated that the plaintiffs could not recover without showing that they were ready and willing to comply with the contract on 1 July—unless an extension of time was shown—that further discussion now would be "vain repetition."

No Error.