HARDIE-TYNES MANUFACTURING COMPANY v. EASTON
COTTON OIL COMPANY.

(Filed 17 February, 1909.)

Measure of Damages—Breach of Warranty—Engines—Full Indemnity.

The measure of damages on a breach of warranty in a contract for the sale of an engine that it would do certain work is such, generally speaking, as would award full indemnity; and, without regard to the contract price, the party may recover the full difference between the value of the engine received and what it would reasonably have cost him to purchase such an engine as that described in the contract and warranty.

ACTION tried before *Ward, J.,* at Fall Term, 1908, of PERQUIMANS.

Plaintiff appealed.

This action was brought to recover damages for a breach of contract in the sale of an engine by the plaintiff to the defendant. It appears that the plaintiff agreed to sell and deliver to the defendant a Corliss engine of a certain description and weight, and that the engine, which was delivered under the contract, was not of that description or weight and was defective in other respects. The contract contains the following clause:

*Warranty.*—It is understood and agreed that the foregoing specifications are intended to cover one of our standard heavy-duty girder-frame Corliss engines, as above specified, to be of the dimensions named, complete in all its parts, made throughout of first-class material and workmanship; to perform in a proper manner when properly handled, and to give the best results obtainable from an engine of this type under similar conditions."

The issues, with the answers thereto, were as follows:

1. "In what sum, if any, is the defendant indebted to the plaintiff?" Answer: "Two hundred and fifty-seven dollars and two cents, and interest from 31 December, 1906."

2. "Did the plaintiff company warrant the engine in question, as alleged in the answer?" Answer: "Yes."

3. "Did the said engine conform to and satisfy the terms of said warranty, as alleged?" Answer: "No."

4. "What are defendant's damages?"   Answer: "Three hundred and twenty-five dollars."

Plaintiff moved for a new trial; the motion was overruled and judgment entered upon the verdict, whereupon plaintiff appealed.

*W. A. Worth* for plaintiff.
*P. W. McMullan* for defendant.

WALKER, J., after stating the case: The principal question in this case, and, indeed, the only one necessary to be considered by us, relates to that part of the charge of the court upon the measure of damages to which the plaintiff excepted, namely, "that the measure of defendant's damages is the difference, if the jury should find there was a difference, between the value of the engine received and what it would have cost the defendant to purchase such an engine as that described in the contract and warranty in the case." After giving this charge, the court fully instructed the jury as to the facts and circumstances they might consider in determining the value of the engine delivered and the cost of such an engine as is described in the contract, and to this part of the charge there was no exception. The question raised by the plaintiff's exception does not require much, if any, discussion, as the rule for measuring the damages in cases like this one has been settled by the decisions of this Court. In *Parker v. Fenwick*, 138 N. C., 209, following the rule as laid down in *Manufacturing Co. v. Gray*, 126 N. C., 108, the Court says: "The true measure of damages is the difference between the value of the property received and what it would have cost the defendant to purchase such machinery as that described in the contract and warranty." In deciding these cases we adopted the rule as clearly stated in *Marsh v. McPherson,* 105 U. S., 709, to this effect: "The price fixed in the contract at which the plaintiff agreed to take the machines, whether the transaction is viewed as an exchange of property at assumed valuations or as a purchase and sale for money, is not conclusive between the parties upon the question of damages recoverable for a breach. If there had been a total failure on the part of the defendant to comply with the contract, and

it had refused to deliver any of the machines specified, the damages to the plaintiff would have been the amount of money with which at the time of the breach he could have supplied himself by purchase from others, with the same number of similar articles of equal value. If the market price had in the meantime advanced, the recovery would be for more, or if it had fallen it would be for less than the contract price; the rule to measure the loss in such cases being the difference between the contract and the market price. The same rule applies where the breach is partial and not total; and to make good the warranty as to condition, the cost of repairs and, as to freedom from liens, the cost of removing them, if that be the difference in actual value, between the article as warranted and the article as delivered, is all that can be properly recovered as damages, unless in exceptional cases of special damage. Whatever that difference in the actual circumstances of the case is shown to be is the true rule and measure of damages. Where the articles delivered are not what the contract calls for, as in the case of defective machines, the measure of the vendee's damage is what it would reasonably cost to supply the deficiency, without regard to the contract price." *Manufacturing Co. v. Gray,* 129 N. C., 438; *Benjamin v. Hilliard,* 23 How., 167. The aim of the law, generally speaking, is to put the injured party, as nearly as practicable, in the position he would have occupied if the contract had been kept, so as to award to him full indemnity for the breach. *Machine Co. v. Tobacco Co.,* 141 N. C., 284. What the amount shall be must, of course, be determined by the jury, after careful regard to the nature of the case and to its special facts and circumstances. The reasonable cost of repairs may in some cases indemnify the party entitled to compensation, but the jury are not necessarily confined to this narrow limit, but, as the court stated in this case, may consider that as an element, in connection with any other facts which will enable them to ascertain the true amount.

We have carefully examined the case, and find no error in the rulings of the court to which the other exceptions were taken.

No Error.