STORY LUMBER COMPANY v. SOUTHERN RAILWAY COMPANY.

(Filed 15 September, 1909.)

1. **Carriers of Freight—Unreasonable Delay—Damages—Evidence—Nonsuit.**

   An unreasonable delay in transporting and delivering a shipment of goods renders the carrier liable to at least nominal damages, and when there is evidence thereof a motion to nonsuit should not be granted.

2. **Carriers of Freight—Unreasonable Delay—Special Damages—Notice.**

   A verdict of special damages awarded against a common carrier, arising from its unreasonable delay in transporting and delivering goods to the consignee, will be sustained upon the question of knowledge, when from the evidence it appears that the shipment was a saw-mill edger, weighing about one thousand pounds, shipped "open," to a consignee whose business was known to the carrier to be that of running saw mills, the character and manner of the shipment being such that the jury could fairly presume that the carrier knew it was for a special purpose or present use.

WALKER and BROWN, JJ., dissenting.

APPEAL from *Peebles, J.,* Spring Term, 1909, of GATES.

Action for damages alleged to have been caused by diminishing the output of plaintiff's sawmill, etc., by reason of defendant's unreasonable delay in transporting and delivering a sawmill edger.

The plaintiff purchased in Norfolk, Va., and delivered to the defendant for transportation to the plaintiff at Eure, N. C., on 16 March, 1907, a sawmill edger. This machine weighed about 1,000 pounds and was delivered to and carried "open" by the defendant. The distance from Norfolk, Va., to Eure, N. C., is forty-seven miles—nineteen miles to Suffolk, and from Suffolk to Eure, *via* Atlantic Coast Line Railroad Company, twenty-eight miles. There was no continuous line of road operated by the defendant from Norfolk to Eure. The sawmill was delivered by the defendant (twenty-nine days after delivery for shipment) to the Atlantic Coast Line Railroad Company at Suffolk on 15 April, 1907, and was delivered the same day at Eure, N. C., to plaintiff. The record contains the following additional statement: "There was no evidence that the Southern Railway Company had any information whatever about the nature of the machinery, the purposes for which it was intended, and any inconvenience or loss that would be sustained by the delay, other than what was disclosed by the character of the machinery itself." The defendant, at the conclusion of the evi-

dence, moved to nonsuit the plaintiff. Motion denied. Defendant excepted.

The defendant requested the court to charge the jury as follows: "That there is no evidence of such notice or that it could be reasonably presumed by the defendant that·such consequences would follow." This request was refused, and defendant excepted. The court charged the jury that it was for them to determine whether the fact that the machinery was shipped open by the plaintiff over defendant's line, and that defendant could inspect the same and know for what it was intended, was sufficient to put the defendant on notice that the alleged damage to the plaintiff's business would occur, or to make them reasonably presume that it would. The defendant excepted to this charge. There was evidence as to the amount of damage sustained by the plaintiff, but no exception by the defendant to the charge of his Honor laying down the rule by which the jury should ascertain the plaintiff's damage, if the plaintiff was entitled to special damages. The only issue submitted to the jury was: "What amount of damage is plaintiff entitled to recover, if any, of the defendant, the Southern Railway Company?" The answer of the jury was: "Two hundred and ten dollars." From a judgment upon the verdict the defendant appealed.

*A. P. Godwin* and *Ward & Grimes* for plaintiff.
*W. B. Rodman* and *R. G. Lucas* for defendant.

Manning, J. The defendant did not, as appears from the record of the trial, contest that it had carelessly permitted an unreasonable delay in the transportation of the edger, nor did it contest the rule laid down by his Honor for the admeasurement of the plaintiff's damages, if it was entitled to more than nominal damages. His Honor could not have granted the defendant's motion to nonsuit the plaintiff, because the unreasonable delay, the breach of the contract of shipment, being uncontested by the defendant, the plaintiff was, in any view, entitled to recover nominal damages. But the defendant's exceptions do present as the only material point in the appeal the question whether there was any evidence proper to be submitted to the jury and from which they could reasonably find that plaintiff had sustained more than nominal damages. The facts relied upon by the plaintiff to sustain its contention are: (1) its name, indicating the character of business engaged in by it; (2) the nature of the article shipped, to-wit, an edger, a machine used by sawmills, weighing about 1,000 pounds, indicating an article not of general use, but for particular purpose; (3·) that the machine

was shipped unboxed, uncovered and open, and thus observable by the defendant; (4) being a single machine, indicating that it was intended to be used in conjunction with other machinery; (5) the destination, being a section in which lumber was manufactured. All of which were under defendant's observation or knowledge at the time the contract of carriage was made. The admissions at the trial remove any suggestion that there was any express notice to the defendant, at the time of making the contract of carriage, that this machine was "ordered for a special purpose or for present use in a given way."

With the above facts open to the defendant, did they import or could the jury reasonably infer, that a breach of the contract of shipment would occasion an injury to the plaintiff greater than nominal damages?

The question was very recently presented to this Court in *Furniture Co. v. Express Co.,* 148 N. C., 87, and is there fully considered in an able opinion by *Mr. Justice Hoke.* By that decision and the decision of this Court in other cases it is settled that a plaintiff can recover more than nominal damages for breach of contract by unreasonable delay in performance: (1) when the special purpose or present use in a given way is expressly made a part of the contract or enters into the negotiations of the parties, (2) or when the article shipped is of such character that the parties may be fairly supposed to have had in contemplation, at the time of making the contract, the special purpose or present use in a given way. *Lewark v. Railroad,* 137 N. C., 383; *Sharp v. Railroad,* 130 N. C., 613; *Neal v. Hardware Co.,* 122 N. C., 104; *Rocky Mount Mills v. Railroad,* 119 N. C., 693; *Foard v. Railroad,* 53 N. C., 235.

Guided by these cases, we are of the opinion that the evidence offered in this case was sufficient to carry the case to the jury, and was of such character that the jury could fairly presume knowledge by the defendant that there was a special purpose or a present use for the machine, and that a failure by the defendant to perform its contract would result in more than nominal damages to the plaintiff. This is our conclusion, after a careful consideration of the authorities, including those cited by the attorneys for the defendant in their well-prepared brief. We are therefore of the opinion that the exceptions taken by the defendant at the trial below cannot be sustained, and the judgment is

Affirmed.