H. A. BROWN v. EAST CAROLINA RAILROAD COMPANY.

(Filed 15 March, 1911.)

1. **Appeal and Error—Referee—Findings—Judgment—Evidence.**

   The findings of fact by a referee, supported by evidence and sustained by the trial court, are not reviewable on appeal.

2. **Deeds and Conveyances—Contracts—Interpretation—Intent—Entire Instrument.**

   In the interpretation of a deed or contract, the intent of the parties, as embodied in the entire instrument, must prevail, and each and every part must be given effect, if it can be done by any fair and reasonable intendment.

3. **Same—Railroads—Material Delivered—Accessibility—Additional Work—Damages.**

   In an action to recover a balance alleged to be due the plaintiff under his contract with defendant to build a railroad trestle, and for damages for failure to supply material stipulated for in the manner provided for in the contract, it appeared from the contract sued on that the defendant agreed "to deliver all material for the trestle on cars or on the ground within 300 feet of the trestle, and to be furnished in such manner and time as not to impede the plaintiff (contractor) in the performance of his part of the contract": *Held*, (1) the contract contemplated that defendant should deliver the material within 300 feet of the work, at a point from which a haul could be made to the best advantage, having reasonable regard to the nature of the ground and the attendant facts and circumstances; (2) that under a contract of this character and extent, requiring completion within a specified time, delivery of the material within the specified distance from the work, but across a slough, requiring an additional haul of half a mile, was not such delivery by defendant as called for in the contract, and for such additional work the plaintiff was entitled to recover extra compensation.

**4. Contracts—Breach—Appliances—Definite Rental—Measure of Damages.**

When a building or a given machine is shown to have a definite rental value, and the opportunity for obtaining it is lost by another's breach of contract, the rental value of the machine usually affords a better basis for the ascertainment and award of damages, subject to the rule that the damages must have been in the reasonable contemplation of the parties and capable of ascertainment with a reasonable degree of certainty. *Rocky Mount Mills v. R. R.,* 119 N. C., 693, holding that interest on the value is the proper measure of damages, and other like cases cited and distinguished.

**5. Same—Railroads—Pile Drivers.**

In an action by plaintiff to recover damages of the defendant railroad alleged by breach of contract requiring the latter to supply at certain places, under the terms of the contract, material for the former to build a trestle, there was a confirmation by the lower court of the referee's findings, upon evidence to support them, that by reason of such delay plaintiff's pile driver remained idle for thirty days at a net rental value of $2.50 per day, and this was not infrequently rented by plaintiff for a definite sum: *Held,* the measure of damages was the rental value of the pile, driver for the time it remained idle through defendant's default, under the contract.

APPEAL from *Ward, J.,* at September Term, 1910, of GREENE.

Civil action, heard on exceptions to report of referee. There was evidence tending to show that on 16 September, 1907, plaintiff and defendant company had entered into a contract that plaintiff was to construct for defendant a trestle and fender over Contentnea Creek near Hookerton, N. C., the same to be built in a substantial and workmanlike manner and completed by first of December, 1907; and defendant, on its part, agreed that it would furnish and supply "On board cars, or on ground within 300 feet of said trestle, all of the material to be used in the construction of said work, and same is to be furnished in such a manner and time as not to impede the said Brown in the performance of his part of the said contract. The work having been completed, the action was instituted to recover a balance alleged to be due plaintiff on the contract and also damages for failure to supply material in the time stipu-

lated for in the contract. Defendant denied any and all liability to plaintiff, and set up, further, a counterclaim for damages by reason of failure to do the work properly and according to the terms and stipulations of the contract. The cause was referred, by consent, to Messrs. L. R. Varser and Thomas D. Warren and, on the hearing before the referees there was evidence offered by the parties in support of their respective positions. Referees made their report to February Term, 1910, making very full findings of fact and holding for conclusions of law:

1. That there had been a failure on part of defendant to deliver material on time, causing damage.

2. That defendant was indebted to plaintiff in the sum of $1,334.90, balance due for the work and damages caused by wrongful delay on part of defendant.

3. There was nothing due defendant on counterclaim.

The court, on the hearing, overruled the defendant's exceptions, in all respects confirmed the report and gave judgment for the amount ascertained to be due, and defendant excepted and appealed.

*D. L. Ward and Simmons & Ward for plaintiff.*
*John L. Bridgers for defendant.*

HOKE, J., after stating the case: The issue of indebtedness between these parties is dependent largely upon disputed questions of fact, and these having been resolved against defendant by the referees and on relevant testimony, and their findings having been affirmed by the trial court, there is very little left for our consideration. It has been uniformly held, with us, that in actions of this character "The findings of fact by a referee, supported by evidence and sustained by the trial court, are not reversible." *Malloy v. Lincoln Mills,* 132 N. C., 432; *Lambertson v. Vann,* 134 N. C., 108. And we are of opinion that the exceptions to the conclusions of law were properly overruled.

Objection was made, first, to the conclusion on the part of the referees, that there had been a wrongful delay on the part

of defendant in the delivery of material, causing damage. This position predicated chiefly on the finding of fact No. 9, as follows: "That the plaintiff was at all times ready, able, and willing to perform the work in accordance with the terms of the contract, but was prevented from performing the same as required by the contract on account of the defendant's failure to furnish the material as agreed and on account of the defendant's delivering part of the material on the opposite side of a slough from the trestle or in a slough at such point, rendering it necessary for plaintiff to haul said material about one-half a mile to get it to the place of construction. And, taken in connection with the requirement of the contract, "That defendant agreed to deliver all material for the trestle on cars or on the ground and within 300 feet of the trestle, and same is to be furnished in such a manner and time as not to impede said Brown in the performance of his part of the contract," the ruling is clearly correct. In support of the finding, there was evidence on the part of plaintiff tending to show that a lot of heavy material was dumped on the ground about 300 feet from the trestle, in a direct line, but across a slough, which necessitated an additional haul of half a mile on part of plaintiff, causing delay and extra expense. There was no sufficient or satisfactory explanation offered as to the unloading of the material at such an inconvenient place. It is a principle well understood that in the interpretation of a deed or contract the intent of the parties, as embodied in the entire instrument, must prevail, "and each and every part must be given effect if it can be done by any fair and reasonable intendment. . . ." *Davis v. Frazier,* 150 N. C., 447. And in a contract of this character and extent, requiring completion by a specified time, and containing, in connection with the provision for delivery within 300 feet, the further stipulation that the material was to be furnished in such a manner as not to impede the work, it was clearly contemplated and agreed that the material should be delivered within 300 feet of the work and at a point from which a haul could be made to the best advantage, having reasonable regard to the nature of the ground and the attendant facts and conditions. We think,

therefore, that defendant was not justified in unloading the material just across a slough, causing the additional haul that plaintiff was forced to make, and the decision to that effect must be upheld.

It was further objected that in the damages assessed against defendant for wrongful delay, there was included an item of $75 charged as a rental at $2.50 per day for a floating pile driver belonging to plaintiff and kept idle for a period of 30 days, the exception being that, according to our decisions, the correct measure of damages was the interest on the value of the machine, which would have amounted, at most, to about $13, defendant referring more especially to the case of *Rocky Mount Mills v. R. R.,* 119 N. C., 693, in support of the position. That was a case in which the machinery and entire equipment for a cotton mill in process of construction was shipped to the address of the manufacturing company at Rocky Mount and over a fast freight through line, established by a number of carriers, associating themselves together for the purpose, at a higher freight rate, of assuring to the shipper a quicker and more reliable delivery of freight than by the ordinary methods of shipment. On negligent delay shown, the correct measure of damages was held to be the interest on the capital invested for the time of the delay, wages paid to workmen, and certain other costs and expenses incident to the breach of contract. In a subsequent case of *Furniture Co. v. Express Co.,* 148 N. C., 87, the Court in affirming the principle applied in *Rocky Mount Mills v. R. R., supra,* and in reference thereto, said: "The decisions of this State are to the effect that the current profits of a going manufacturing enterprise, which are dependent on the varying cost of labor and material and the fluctuations of the market value of the product, as a general rule, are too uncertain to form the basis of an award of damages in breaches of contract affecting the operation of the plant, and the better rule in such cases, when it appears that substantial damages are recoverable, is that such damages shall be ascertained on the basis of interest on the capital invested which is unproductive for the time, with the addition, under certain circumstances, of the pay of hands idle and necessarily

unemployed, and some other incidental expenses reasonably referable to the defendant's wrong, which may at times include an outlay in the reasonable effort to reduce or minimize the loss. No doubt there are cases where the average rental value of a business building or a given machine may afford data for a correct admeasurement of damages, but in plants of the kind indicated this rental value is so connected with or dependent upon the fluctuation of the markets that it has been considered with us as the safer rule in enterprises of the kind stated to adopt the interest on the capital invested and unproductive for the time, with other incidental costs, as the correct method of adjustment." Citing *Lumber Co. v. Iron Works,* 130 N. C., 584; *Sharpe v. R. R.,* 130 N. C., 613; *Rocky Mount Mills v. R. R.,* 119 N. C., 693; *Foard v. R. R.,* 53 N. C., 235; *Boyle v. Reeder,* 23 N. C., 607. It will be noted in this statement of the principle the current profits of such an enterprise, and even the rents, dependent as they naturally would be to a great extent on the current profits, are rejected as the proper basis, for the reason that they are too variable and indefinite; but decided intimation is also given that in the case of a business building or a given machine the average rental value frequently affords a more satisfactory estimate as to the amount of damages. Subject to the rule that the damages must have been in the reasonable contemplation of the parties and capable of ascertainment with a reasonable degree of certainty, the purpose is always to make good the loss to the injured party, and when a building or given machine is shown to have a definite rental value, and opportunity for obtaining same is lost by another's breach of contract, the rental value for the time usually affords a better basis for the ascertainment and award of damages, and is a rule which has been not infrequently approved by the courts. *Dodds v. Hakes,* 114 N. Y., 260; *Benton v. Fay Co.,* 64 Ill., 417; Hale on Damages, p. 74.

There was evidence on the part of plaintiff tending to show that the floating pile driver, in question, was an implement belonging to plaintiff, which could be and was not infrequently rented for a definite sum; that opportunity was presented to

154—20

rent the machine in other work, and that the time lost in its use was about 60 days, and a reasonable rental value for same was $10 per day. There was a finding of fact in accordance with the testimony, except that the time lost was fixed by the referees at 30 days and the net rental at $2.50 per day. On this finding we think the court below, approving the conclusions of the referees, correctly held that the rental value of the machine for the time the rent of same was lost afforded the correct basis for estimate, and that there is no error which gives defendant any just ground of complaint. The judgment will therefore be,

Affirmed.