J. W. PENDERGRAPH AND A. L. PENDERGRAPH v. AMERICAN RAILWAY EXPRESS COMPANY.

(Filed 22 October, 1919.)

1. **Pleadings—Amendments—Courts—Statutes.**

    The Superior Court has plenary power to allow an amendment to the complaint in an action on contract appealed from a justice of the peace. Revisal, 1476.

2. **Carriers of Goods—Express Companies—Contracts—Negligence—Notice —Damages—Delay of Delivery.**

    The object of an express company is to secure prompt and safe delivery of goods it receives for transportation; and where, upon the shipment of carpenter's tools, the shipper has notified the company of the necessity

for prompt delivery at destination, which the latter has promised by a certain day, the transaction is sufficient to put the express company on notice that damages will reasonably result to the shipper for consequent expenses, loss of time as a carpenter for the want of the tools. etc., if not delivered, and such are recoverable in the event of a protracted and unreasonable delay, proximately caused by the carrier's negligence.

**3. Carriers of Goods—Negligence—Damages—Minimizing Loss.**

Where a shipper by express has been damaged by the negligence of the carrier in delivering the shipment, it is the duty of the shipper to reasonably lessen the amount, and for the judge to so charge the jury.

**4. Courts—Jurisdiction—Justices of the Peace—Contracts—Torts—Carriers of Goods—Express Companies.**

A shipper by express who has been damaged by an unreasonable delay in the delivery of the goods may bring his action upon contract within the jurisdiction of a justice of the peace, and waive the tort beyond this jurisdiction, or sue in the Superior Court in a larger sum upon the tort.

**5. Carriers of Goods—Express—Non-delivery—Damages—Value of Goods—Verdict—Instructions.**

Where a shipper sues in a justice's court within its jurisdiction for the nondelivery of the goods, including both the value of the goods and the consequent damages from the delay, the trial on appeal in the Superior Court will not be disturbed because of delivery having later been made, where it appears that the verdict excluded under the evidence and instructions of the court, the value of the goods, and only included the damages the plaintiff had sustained by reason of the delay.

**6. Parties—Actions—Principal and Agent—Surplusage—Carriers of Goods —Express Companies.**

Where an agent of an express company knowingly receives as one shipment goods owned by two persons, and issues the bill of lading to one of them, in a suit for damages arising out of the transaction the one to whom the bill of lading was issued is regarded as the agent of the other, and making such other person a party plaintiff is not erroneous.

**7. Carriers of Goods—Express Companies—Negligence—Bills of Lading— Contracts—Void Stipulations.**

An express company, as a common carrier, cannot make a valid stipulation in its bill of lading, against its own negligence, by a provision that a recovery exceeding fifty dollars cannot be had if the goods to be transported "were hidden from view."

APPEAL by defendant from *Lyon, J.,* at March Term, 1919, of DURHAM.

On 31 August, 1918, the plaintiffs delivered to the defendant company two boxes of carpenters' tools at Lee Hall, Va., for shipment to Norfolk, Va. The defendant failed to transport and deliver said tools according to contract and plaintiffs brought this action in December, 1918, before a justice of the peace, who rendered judgment in favor of the plaintiffs for $200, and defendant appealed. In February, 1919, before the case

was tried in the Superior Court, the two boxes of tools were found and delivered to plaintiffs. Though the record states that the judge said that he would allow the plaintiffs to amend, it does not appear that any amendment was made. The jury rendered a verdict for $150 damages for breach of contract and defendant appealed.

*J. W. Barbee and Brawley & Gantt for plaintiffs.*
*Bryant, Brogden & Bryant for defendant.*

CLARK, C. J. The Superior Court had plenary power, Revisal, 1476, if amendment had been necessary. The amount of the recovery in the Superior Court was not governed by the judgment rendered by the magistrate. Before the magistrate the judgment for $200 may have been based upon the value of the tools, plus the loss of time directly caused by their nondelivery. On the trial in the Superior Court it may well be that the jury deducted the amount of the value of the tools, which had then been found. At any rate, their verdict was based upon the value of the time lost by the plaintiff until they could find opportunity to purchase new tools after reasonable delay in waiting for them.

The object in sending the tools by express was to secure their prompt and safe delivery. The plaintiffs were entitled to recover as damages for breach of the contract such loss which proximately accrued from the violation of the contract of prompt and safe carriage of the tools, and which could have been reasonably presumed to have been in contemplation of the parties when the contract was made, and as a result of the failure to perform the defendant's part thereof.

The jury trying the case, after the tools had been found, estimated that plaintiffs' damages, in the loss of time and expenses at $150, and there was evidence to authorize such finding. When the plaintiffs delivered the two boxes of tools to the defendant at Lee Hall for transportation (where there was a government camp) they told the agent of the company they wanted them shipped to Norfolk, Va., where there were other camps, and it issued to them a receipt for the two boxes of tools and told the plaintiffs that they would arrive in Norfolk by Monday. The company had all the notice that they could have had had they examined the tools in the boxes. By the exercise of ordinary care the defendant would have known for what purpose these tools were to be used, and are, therefore, responsible for any loss proximately caused by their negligence and delay. *Neal v. Hardware Co.,* 122 N. C., 105; *Lewark v. R. R.,* 137 N. C., 383; *Lumber Co. v. R. R.,* 151 N. C., 25, and cases there cited; *Rawls v. R. R.,* 173 N. C., 8.

There was evidence that the plaintiffs stayed in Norfolk ten days waiting for their tools to come, and that the government required car-

penters to furnish their own tools. There was evidence that they were
paid by the government when they obtained their tools $8.25 per day,
which they lost, and besides they had to pay their board during their
enforced idleness. It was in evidence that they were at the expense of
a trip home to buy a new set of tools and return. It would seem from
this that the jury must have allowed them compensation for about six
days loss of time, each, as a reasonable wait for the tools to arrive, and
their board, and something possibly for the expense and loss of time
returning home to get a new set of tools, and for the loss in having a
double set each. These were not items of loss, but for consideration by
the jury in estimating the loss.

It is true that it was incumbent upon the plaintiffs to lessen the loss
accruing from the negligence of the defendant, and this the jury seems
to have considered, and the court so charged.

The plaintiffs could have elected to have brought an action in tort in
the Superior Court for a larger amount, or on contract for $200 in the
justice's court. *Bowers v. R. R.,* 107 N. C., 722. They elected to bring
an action before a justice of the peace for breach of contract. *Froelich
v. Express Co.,* 67 N. C., 1.

The amount claimed before the justice was solely for the value of the
tools and for loss of compensation for labor which they would have re-
ceived had the tools been delivered, and for expenses incurred while
waiting a reasonable time for the tools before obtaining others.

The tools having been delivered when the trial came on in the Superior
Court, the value of the lost tools was omitted in the verdict by the jury,
who found $150 a reasonable compensation for the damages sustained
by the breach of contract.

It is true that the bill of lading was issued in the name of one of the
plaintiffs. But there is evidence that the agent knew that the tools
belonged to both the plaintiffs and the bill of lading was therefore to
one for himself and as agent for the other. Both are made plaintiffs,
and if one of the plaintiffs had been unnecessary this is merely sur-
plusage.

The note on the bill of lading that if the goods were hidden from view
the recovery for loss thereof should not exceed $50 is not valid, for a
common carrier cannot stipulate against loss by its own negligence.
Moreover, such limitation applied only to the value of the tools, and for
them no recovery is embraced in this verdict. The verdict covers only
the loss of time and expenses not exceeding the loss sustained while
waiting a reasonable time for the arrival of the tools.

No error.