M. FEIGEL & BROTHER, INCORPORATED, v. CAROLINA WOOD PRODUCTS COMPANY.

(Filed 23 May, 1928.)

**Contracts—Performance or Breach—Acts Held Not a Breach—Nonsuit.**

> In a contract for two hundred barrels of shellac, shipments to come forward biweekly, buyer to advise when shipments to commence and number of barrels to be included in each shipment: *Held,* an order by the buyer of two barrels of shellac to be shipped every two weeks until further notice is not so unreasonable as to amount to a breach of the contract by the buyer, and the buyer's motion of nonsuit is properly entered in the seller's action for breach.

APPEAL by plaintiff from *Oglesby, J.,* at November Term, 1927, of BUNCOMBE.

Civil action to recover damages for an alleged breach of contract.

Plaintiff declares on a written order dated 21 November, 1925, for 200 barrels of shellac, which order is signed by the defendant and contains, among other things, the following provision:

"Shipments to come forward in biweekly shipments, we (defendant) to advise when shipment to commence and number of barrels to be included in shipment."

After the exchange of a number of letters, the plaintiff, on 24 May, 1926, wrote the defendant that if shipping instructions were not given, within a reasonable time, it would consider the contract breached and proceed accordingly. In answer, the defendant, on 28 May, instructed

the plaintiff that, in accordance with the terms of the order, 2 barrels of pure white shellac might be shipped every two weeks until further notice.

Plaintiff regarded these instructions so unreasonable as to amount to a breach of the contract; and instituted this suit to recover. damages therefor.

From a judgment of nonsuit entered on motion of defendant at the close of plaintiff's evidence, plaintiff appeals, assigning error.

*Isadore Shapiro and Harkins & Van Winkle for plaintiff.*
*Barnard & Heazel for defendant.*

STACY, C. J. It was earnestly insisted on the argument that no contract had been shown, as the defendant's order was not to be binding until approved by the plaintiff in New York, and no such approval appears from the evidence.

Conceding without deciding that the evidence is sufficient to establish a binding contract between the parties, as alleged by the plaintiff, still the judgment of nonsuit would seem to be correct unless the shipping instructions of the defendant were so unreasonable as to amount to a breach of the contract, which we cannot hold. They were within the letter of the agreement, and it is the simple law of contract that "as a man consents to bind himself, so shall he be bound." Elliott on Contracts (Vol. 3), sec. 1891; *Nash v. Royster,* 189 N. C., 408, 127 S. E., 356; *Clancy v.. Overman,* 18 N. C., 402.

Affirmed.