Civil action for damages arising out of contracts made in connection with sales of second-hand machinery.
Plaintiff is a contractor engaged in road construction. Defendant is a dealer in used road machinery. Both are residents of Buncombe County.
Three separate transactions are set out in the complaint:
First. It is alleged that on 30 October, 1942, the plaintiff purchased from the defendant two Cletrac Tractors — one with bulldozer attached and the other with angledozer attached — for a cash consideration of $9,250; that as an inducement to the sale, the defendant agreed to put the equipment in first-class condition for immediate use, and to secure leases for the tractors at current rental levels for a period of at least three months, or until the plaintiff should need the machinery in his own business; that the defendant neglected, failed and refused to make the needed repairs and to lease the equipment, as he agreed to do, by reason of which the tractors were rendered of no monetary value to the plaintiff; that in an effort to repair one of these tractors, and place it in usable condition, the plaintiff expended the sum of $328.66, which inured to the benefit of the defendant.
Second. It is alleged that on 1 November, 1942, the plaintiff purchased from the defendant one TD-40 International Tractor to be equipped with angledozer and pump; that as an inducement to the sale, the defendant agreed to put the tractor in first-class mechanical condition, and to lease the same at the prevailing rental value for a period of at least three months; that the plaintiff agreed to pay the defendant therefor the sum of $3,500, and then and there made a cash payment of $2,000 on account; that the defendant failed and refused to put the equipment in first-class mechanical condition and to lease it, as he had agreed to do, by reason of which the tractor is now useless to the plaintiff.
Third. It is alleged that on 1 November, 1942, the plaintiff purchased from the defendant one Back Hoe digger for a cash consideration of $750; that as an inducement to the sale, the defendant agreed to attach the same to an Ensley Crane or Shovel belonging to the plaintiff; that the Back Hoe, "the property of this plaintiff," is now in the possession of the defendant unattached, and by reason of the defendant's failure to comply with his agreement to attach the Back Hoe to plaintiff's Ensley Crane or Shovel and deliver same to plaintiff in first-class mechanical condition, the plaintiff has been deprived of the use and possession thereof since the date of purchase. *Page 409 
Wherefore, the plaintiff demanded a return of all moneys paid the defendant for the several items of machinery, damages for rental losses and money expended for repairs.
The defendant filed answer, admitted the sale of the different pieces of machinery, but denied any and all liability, and set up a counterclaim for 10% commission on all rentals collected during the three months next following the purchase of the Cletracs.
It appearing that an accounting would be necessary, the court ordered a reference, and named Hon. S. G. Bernard of the Asheville bar as referee.
The referee found the facts in detail, all in favor of the plaintiff, the crucial ones, presently pertinent, being as follows:
"4. It was further agreed between plaintiff and defendant that for his services in securing leases for said Cletracs the defendant was to receive ten (10%) percentum of all rents collected on leases secured by defendant."
"17. That the plaintiff expended the following sums of money for parts and repairs to said Cletracs in an effort to put the same in condition for operation and service: . . . $791.55."
"18. That in purchasing and paying for said Cletracs the plaintiff relied and acted upon the representations and agreement of the defendant that he would put said Cletracs and equipment in first-class condition and that he would secure leases for the same for at least three months at current rental prices."
"19. That the defendant breached his said contract with the plaintiff by failing to put said Cletracs and equipment in first-class condition and to rent out the same for a period of three months at current rental values."
"21. That at the time said Cletracs were sent out by defendant and at the time the same were delivered to the plaintiff, said Cletracs were worth the sum of $2,000."
"28. That in agreeing to purchase and pay for said TD-40 International Tractor and equipment and in paying the defendant the sum of $2,000, the plaintiff relied and acted upon the representations and agreement of the defendant to attach an angledozer and a pump to said tractor and put the same and equipment in first-class condition and to secure leases therefor for at least three months at current rentals."
"29. That the defendant breached his contract with the plaintiff by failing to put said TD-40 International Tractor and equipment in first-class condition, to lease the same, or to tender delivery thereof to the plaintiff." *Page 410 
"30. That on or about the 12th day of November, 1942, the plaintiff purchased from the defendant one Back Hoe and the defendant agreed to attach the same to an Ensley Crane belonging to the plaintiff."
"32. That the defendant breached his contract with the plaintiff to attach said Back Hoe to said crane and still has said Back Hoe in his possession."
"33. That the failure of the defendant to attach said Back Hoe to said crane rendered said Back Hoe of no value to the plaintiff."
Upon the facts as found by the referee, the following conclusions were reached:
"1. That the plaintiff is entitled to recover from the defendant the purchase price of the two Cletracs, viz., the sum of $9,250, less the value of said Cletracs, viz., $2,000, with interest thereon from October 30, 1942.
"2. That the plaintiff is entitled to recover from the defendant the rental value of the Cletrac with bulldozer attached for a period of three months, viz., $1,980, and the rental value of the Cletrac with angledozer attached for a period of three months, viz., $2,025, less rents collected in the amount of $1,114, with interest thereon from March 13, 1943.
"3. That the plaintiff is entitled to recover from the defendant the cost of parts and repairs to said Cletracs in the sum of $328,66, with interest thereon from June 7, 1943.
"4. That the plaintiff is entitled to recover from the defendant the cash payment on one TD-40 International Tractor in the amount of $2,000, with interest thereon from November 1, 1942.
"5. That the plaintiff is entitled to recover from the defendant the rental value of said TD-40 International Tractor for three months, viz., $1,934 (balance of damages sued for), with interest thereon from March 13, 1943.
"6. That the plaintiff is entitled to recover from the defendant the purchase price of a Back Hoe, viz., $750, with interest thereon from November 12, 1942.
"7. That the defendant is entitled to recover from the plaintiff commissions at ten percent on $1,114, viz., $111.40, with interest thereon from March 13, 1943."
(Without objection, the parties seem to have dealt with another item not covered by the pleadings.)
Exceptions were filed to the findings of fact and conclusions of the referee, all of which were overruled by the trial court, save and except the defendant was allowed commissions on rentals of $4,005 first awarded the plaintiff, rather than on $1,114 as reported by the referee. In all other respects, the report of the referee was approved and confirmed. *Page 411 
From the judgment thus entered, the defendant appeals, assigning errors.
The first exception is to the order of compulsory reference entered in the cause. The appellant states no reason or argument and cites no authority in support of the exception. Hence it is to be taken as abandoned. Rule 28, Rules of Practice, 221 N.C. 562. Moreover, it is without merit. Chesson v. Container Co., 223 N.C. 378, 26 S.E.2d 904.
Also, it may be noted, the findings of fact, made by the referee and approved by the trial court, are not subject to review on appeal, except where some question of law is involved, as they are supported by competent evidence. Wilkinson v. Coppersmith, 218 N.C. 173, 10 S.E.2d 670;Kenney v. Hotel Co., 194 N.C. 44, 138 S.E. 349.
The case divides itself into three parts:
I. THE CLETRAC TRACTORS.
There is no allegation of fraud or misrepresentation in the sale of the Cletracs. The plaintiff relied upon the advice of his former partner in making the purchase. It was a cash transaction. McAden v. Craig,222 N.C. 497, 24 S.E.2d 1. The amount paid was $9,250. In addition, and as an integral part of the sale, the defendant agreed to put the equipment in first-class condition for immediate use and to secure leases therefor at current rental prices for at least three months. The defendant was to receive 10% of all rents collected on leases secured by him.
The defendant neglected to put the equipment in first-class condition for immediate use and failed to secure leases for the full first three months, as he had agreed to do, albeit some rentals were collected during this period. As damages for breach of the agreement the plaintiff was awarded the difference between the purchase price and the value of the Cletracs with interest from the date of sale, plus the alleged cost of parts and repairs, plus the full rental value for three months following delivery of the machinery, less 10% of this rental value due the defendant as commissions. Berbarry v. Tombacher, 162 N.C. 497, 77 S.E. 412;Lumber Co. v. Mfg. Co., 162 N.C. 395, 78 S.E. 284.
The question now presented is the correctness of the measure of damages applied by the court below. *Page 412 
As an inducement to the sale of the Cletracs the defendant agreed to put them in first-class condition for immediate use and to secure leases for them at current rental levels for a period of at least three months — the defendant to be paid 10% of all rents collected on leases secured by him.
It has often been said that in actions for breach of contract, the damages recoverable are such as may reasonably be supposed to have been in the contemplation of the parties when the contract was made. Chesson v.Container Co., 216 N.C. 337, 4 S.E.2d 886; Frick Co. v. Shelton,197 N.C. 296, 148 S.E. 318; Monger v. Lutterloh, 195 N.C. 274,142 S.E. 12; Lane v. R. R., 192 N.C. 287, 134 S.E. 855, 51 A.L.R., 1114;Builders v. Gadd, 183 N.C. 447, 111 S.E. 771; Sprout v. Ward, 181 N.C. 372,107 S.E. 214; Gardner v. Tel. Co., 171 N.C. 405,88 S.E. 630, L.R.A. 1916-E, 484; Tillinghast v. Cotton Mills,143 N.C. 268, 55 S.E. 621; 15 Am. Jur., 454; 55 C. J., 872. The injured party is entitled to full compensation for his loss, and to be placed as near as may be in the condition which he would have occupied had the contract not been breached. Bowen v. Bank,209 N.C. 140, 183 S.E. 266; 8 R. C. L., 433. "Generally speaking, the amount that would have been received if the contract had been kept and which will completely indemnify the injured party is the true measure of damages for its breach." Machine Co. v. Tobacco Co.,141 N.C. 284, 53 S.E. 885, 8 L.R.A. (N.S.), 255.
Whether special damages arising from the breach of a contract may be regarded as "within the contemplation of the parties," and therefore recoverable, would depend upon the information communicated or the knowledge of the parties at the time and the reasonable foreseeability of such damages. Iron Works v. Cotton Oil Co., 192 N.C. 442, 135 S.E. 343;Gardner v. Tel. Co., supra; Barrow v. R. R., 184 N.C. 202,113 S.E. 785; Steel Co. v. Copeland, 159 N.C. 556, 75 S.E. 1002;Peanut Co. v. R. R., 155 N.C. 148, 71 S.E. 71; Hardware Co. v. BuggyCo., 167 N.C. 423, 83 S.E. 557; Hadley v. Baxendale, 9 Eng. Exch., 321; Gulf States Creosoting Co. v. Loving, 120 F.2d 195; 46 Am. Jur., 867.
The following expression of the pertinent test is to be found in the Restatement of the Law on Contracts, page 509:
"Sec. 330. Foreseeability of Harm as a Requisite for Recovery. In awarding damages, compensation is given for only those injuries that the defendant had reason to foresee as a probable result of his breach when the contract was made. If the injury is one that follows the breach in the usual course of events, there is sufficient reason for the defendant to foresee it; otherwise, it must be shown specifically that the defendant had reason to know the facts and to foresee the injury." *Page 413 
Our own decisions are in full support of this statement. Pendergraph v.Express Co., 178 N.C. 344, 100 S.E. 525; Cary v. Harris, 178 N.C. 624,101 S.E. 486; Kime v. Riddle, 174 N.C. 442, 93 S.E. 946; Winn v.Finch, 171 N.C. 272, 88 S.E. 332; Robertson v. Halton, 156 N.C. 215,72 S.E. 316; Cable Co. v. Macon, 153 N.C. 150, 69 S.E. 14; Lumber Co.v. R. R., 151 N.C. 23, 65 S.E. 460; Furniture Co. v. Express Co.,148 N.C. 87, 62 S.E. 145, 30 L.R.A. (N.S.), 483; Spiers v. Halstead,74 N.C. 620.
As a general rule, the loss or injury actually sustained, rather than the price paid or agreed to be paid on full performance of the contract, is the measure of damages for its breach. 15 Am. Jur., 445. The purpose is to save the innocent party from harm, or to make him whole, so far as can be done by monetary award. 15 Am. Jur., 449. The injured party is entitled to the pecuniary difference between his position upon breach of the contract and what it would have been, had the contract been performed. But he is not entitled to be enriched by the breach. Perry v. United States,294 U.S. 330, 79 L.Ed., 912, 95 A.L.R., 1335; Texas Co. v. PensacolaMarine Corp., 279 F., 19, 24 A.L.R., 1336. It all comes to what was reasonably in the minds of the parties at the time of the making of the contract. The question of special damages was fully considered in the cases of Iron Works v. Cotton Oil Co., supra; Builders v. Gadd, supra; andFurniture Co. v. Express Co., supra.
The proper measure of damages for the breach of the agreement here under review would seem to be the difference between the value of the Cletracs as delivered and what the value would have been if they had been put in first-class condition for immediate use as promised, plus a fair rental value for a period of three months less commissions on such rental value.Guano Co. v. Livestock Co., 168 N.C. 442, 84 S.E. 774; L.R.A., 1915-D, 875; Underwood v. Car Co., 166 N.C. 458, 82 S.E. 855;Brewington v. Loughran, 183 N.C. 558, 112 S.E. 257, 28 A.L.R., 1543;Brown v. R. R., 154 N.C. 300, 70 S.E. 625; Mfg. Co. v. Oil Co.,150 N.C. 150, 63 S.E. 676, 134 Am. St. Rep., 899; Parker v. Fenwick,138 N.C. 209, 50 S.E. 627; Mfg. Co. v. Gray, 126 N.C. 108, 35 S.E. 236;S. c., 129 N.C. 438, 40 S.E. 178, 57 L.R.A., 193; Pritchard v. Fox,49 N.C. 141; Marsh v. McPherson, 105 U.S. 709; 46 Am. Jur., 863.
Recovery is to be restricted to the difference, not necessarily between the purchase price and the value of the Cletracs, but to the difference between their actual value and what their value would have been if they had been put in first-class condition for immediate use. 46 Am. Jur., 863. The evidence here discloses quite a disparity between the purchase price of the tractors and what their value would have been if they had *Page 414 
been put in the condition as promised. In 1942, plaintiff's former partner, upon whose judgment the purchase was made, thought they were worth $4,600 apiece, or a total of $9,200. On the hearing, he said he had changed his opinion and he then believed they were worth "2000, if they had been in good mechanical condition." This estimate was accepted by the referee and approved by the court below. So, if the plaintiff paid $9,250 for tractors worth only $2,000, he is not to recover for this slothfulness, in the absence of an allegation of fraud or overreaching on the part of the defendant. Liberty to contract carries with it the right to exercise poor judgment as well as good judgment. Knott v. Cutler, 224 N.C. 427,31 S.E.2d 359. It is the simple law of contracts that "as a man consents to bind himself, so shall he be bound." Elliott on Contracts (Vol. 3), sec. 1891; Feigel v. Products Co., 195 N.C. 659, 143 S.E. 186; Nash v.Royster, 189 N.C. 408, 127 S.E. 356; Clancy v. Overman, 18 N.C. 402.
True it is, that in a number of cases the rule for the admeasurement of damages for breach of warranty in the sale of personal property has been stated as the difference between the purchase price and the actual value of the goods sold, but these cases proceed upon the theory that, in the absence of evidence to the contrary, the purchase price is to be regarded as the value of the property. Guano Co. v. Livestock Co., supra; Critcherv. Porter Co., 135 N.C. 542, 47 S.E. 604; 55 C. J., 872; 46 Am., Jur., 866.
It follows, from what is said above, that there was error in approving the first conclusion of the referee.
Nor is the plaintiff entitled to recover for sums alleged to have been expended by him in an effort to put the Cletracs in condition for operation and service. This would be included in arriving at the difference between the value of the Cletracs and what they would have been worth had they been put in first-class condition for immediate use. Mfg. Co. v. Oil Co.,150 N.C. 150, 63 S.E. 676. It has been repeatedly held that where the articles delivered are not what the contract calls for, as in the case of defective machinery, the measure of the vendee's damage is what it would reasonably cost to supply the deficiency. Marsh v. McPherson, 105 U.S. 709;Mfg. Co. v. Phelps, 130 U.S. 520, 32 L.Ed., 1035. In any event, however, the plaintiff is entitled to but one recovery for the deficiency. He may not have the difference in value and then the cost of eliminating this difference.
The case is not like Underwood v. Car Co., supra, or Kester v. MillerBros., 119 N.C. 475, 26 S.E. 115, where the vendee was induced to make repairs at the instance of the vendor in an effort to see if the car in *Page 415 
the one case and the engine in the other could be made to come up to representations.
It would seem that the exception to the third conclusion of the referee was well interposed.
II. THE TD-40 INTERNATIONAL TRACTOR.
The plaintiff purchased an International Tractor from the defendant for $3,500 and paid $2,000 on account. As an inducement to the sale, the defendant agreed to equip the tractor with angledozer and pump, put it in first-class mechanical condition, and lease it at the prevailing rental price for a period of at least three months. The referee found that this agreement had been breached, and awarded the plaintiff a recovery of the cash payment of $2,000, with interest from the date of sale, plus the rental value of the tractor for a period of three months. It is not apparent upon what theory a recovery of the "cash payment" was allowed. If upon the theory of a rescission of the contract, the rental value for three months would not be recoverable, as this would be to rescind in part and to affirm in part. 13 C. J., 623. A plaintiff may not sue for the rescission of a contract and its breach at the same time. Lykes v. Grove, 201 N.C. 254,159 S.E. 360. The one is in disaffirmance of the contract; the other in its affirmance. Machine Co. v. Owings, 140 N.C. 503, 53 S.E. 345.
Nor has the plaintiff sought to rescind here. He is seeking to recover for breach of the contract, but there are no findings to support the recovery of the "cash payment" as an award of damages under the proper rule for their admeasurement. In a cash transaction, it is generally understood that the payment of the purchase price and the delivery of the property are to take place simultaneously or as concurrent acts. Hence, in an action for specific performance or for breach of the contract, it would seem that the plaintiff in the action, whether buyer or seller, would be required to show an offer on his part to perform, or that such offer was rendered unnecessary by the refusal of the defendant to comply. McAden v. Craig,222 N.C. 497, 24 S.E.2d 1; Hughes v. Knott, 138 N.C. 105,50 S.E. 586; S. c., 140 N.C. 550, 53 S.E. 361; Blalock v. Clark,137 N.C. 140, 49 S.E. 88; Ducker v. Cochrane, 92 N.C. 597; 55 C. J., 322 and 1116.
Much that is said above under the heading of The Cletracs may be applicable to the facts as they are finally established in respect of the sale and purchase of the TD-40 International Tractor. The exceptions to the fourth and fifth conclusions of the referee should have been sustained and additional findings made. *Page 416 
III. THE BACK HOE.
On 12 November, 1942, the plaintiff purchased from the defendant a Back Hoe, paying therefor in cash the sum of $750. As an inducement to the sale, the defendant agreed to attach it to plaintiff's Ensley Crane or Shovel and deliver same to plaintiff in first-class mechanical condition. This he neglected to do. The referee finds that the failure to attach the Back Hoe to the plaintiff's crane or shovel rendered it worthless to him, and awarded the plaintiff recovery of "the purchase price of a Back Hoe, viz., $750, with interest thereon from November 12, 1942." This was approved by the trial court.
It is in evidence, however, without contradiction, that the Back Hoe could have been attached to the crane or shovel for not "more than $25." In fact, this is the plaintiff's own testimony. The law, therefore, imposed upon the plaintiff the duty "to do what reasonable business prudence requires in order to minimize his loss." Cotton Oil Co. v. Tel. Co.,171 N.C. 705, 89 S.E. 21; Monger v. Lutterloh, supra: Oil Co. v. Burney,174 N.C. 382, 93 S.E. 912.
It is true that where a party breaches his contract without any valid excuse, the courts are not disposed to permit him to prescribe the rights of the innocent party. Nevertheless, it is a sound principle of law that one who is injured in his person or property by the wrongful or negligent act of another is required to protect himself from loss, if he can do so with reasonable exertion or at trifling expense; and ordinarily, he will be allowed to recover from the delinquent party only such damages as he could not, with reasonable effort, have avoided. Construction Co. v. Wright,189 N.C. 456, 127 S.E. 580; Mills v. McRae, 187 N.C. 707, 122 S.E. 762. "The general principle is fully recognized with us that, in case of contract broken or tort committed, the injured party should do what reasonable care and business prudence require to minimize the loss" —Hoke, J., in Yowmans v. Hendersonville, 175 N.C. 574, 96 S.E. 45.
In application of this principle, the exception to the referee's sixth conclusion should have been sustained and additional findings made.
Where a case is tried under a misapprehension of the law, or correct principles are erroneously applied, the appellate practice with us is to order another hearing. Coley v. Dalrymple, ante, 67; McGill v. Lumberton, 215 N.C. 752, 3 S.E.2d 324; S. v. Williams, 224 N.C. 183,29 S.E.2d 744.
The cause will be remanded for further proceedings as to justice appertains and the rights of the parties may require.
Error and remanded. *Page 417