### HENRY MEIER v. NICHOLI MILLER ET AL.

(Filed 22 September, 1948.)

**1. Contracts § 25c—**

Plaintiff's contention that a certain sum borrowed by him for the operation of the business of corporate defendant should have been added to his recovery for breach by the individual defendant of the contract for the operation of the joint enterprise, is untenable when the finding of the referee was that the loan was made to the corporate defendant and that plaintiff had sustained no loss thereby, especially where plaintiff fails to make it appear that the amount borrowed was not taken into account in arriving at the amount of plaintiff's recovery.

**2. Same—**

Where plaintiff loses both money and services as a result of defendant's wrongful breach of the contract with plaintiff for the operation of a joint enterprise, both the money lost and the fair value of the services are recoverable as damages in his suit for breach of contract, and objection by defendant on the ground that recovery could not be had as upon *quantum meruit* is untenable, since *quantum meruit* of the services is used only as a measuring stick in ascertaining the damages.

APPEALS by plaintiff and defendants from *Bone, J.,* at January Term, 1948, of PASQUOTANK.

Civil action to recover for breach of contract or for money and services expended in joint enterprise.

In 1943, the defendant Miller owned a crab factory or plant at Manteo, Dare County, which had been out of use for sometime. It was originally operated under the name of Roanoke Island Products Company, Inc. On 7 April, 1943, H. Meier and N. Miller, plaintiff and defendant herein, undertook to re-establish the plant and operate it.

Plaintiff agreed to invest $2,000 in the business (which was to be repaid to him out of the net profits of the business) and to manage the operation of the plant.

Defendant agreed to lease the property to the corporate defendant for a period of five years at a nominal rental; to divide the stock of the corporation between plaintiff and defendant in the ratio of 40% to 60%, and to share equally with the plaintiff the profits of the corporation.

Plaintiff came from his home in New Jersey to Skyco, Roanoke Island, spent approximately two months in restoring the plant to an operating basis, advanced $1,543.48 for the purpose, and operated the plant at an expense of $1,142.73 for a week, during which time 1,800 pounds of crab meat was processed, frozen and shipped to National Frosted Foods, Inc., marketing agent. The plant was then closed for lack of funds to run it.

The court below found "that plaintiff, in good faith, entered upon the performance of his part of the contract, but was hindered by the defendant Miller, who interfered with plaintiff's management of the business . . . that the defendant Miller did nothing towards a performance of his part of the contract, but on the contrary, by his interference . . . prevented plaintiff from further performance; that such conduct upon the part of said defendant constituted a breach of the contract on his part."

This action is for breach of contract and accounting. The defendant set up a counterclaim.

There was a reference under the statute which resulted in findings and judgment in favor of the plaintiff for $1,467.71, and exculpation from any liability in respect of the matters set up in the counterclaim.

Both plaintiff and defendants appeal, assigning errors.

*J. Henry LeRoy for plaintiff.*

*Martin Kellogg, Jr., and W. A. Worth for defendants.*

Stacy, C. J. A business undertaking by Henry Meier and Nicholi Miller failed at the end of a week's operation. Each blames the other for the failure. Both appeal from the outcome in the court below, each presenting a single question.

1. Plaintiff's appeal: Plaintiff contends that in addition to the amount of the judgment in his favor, there should be added the sum of $750, which was borrowed from the National Frosted Foods, Inc., marketing agent, and for the repayment of which the plaintiff rendered himself personally liable. The factual finding is that the loan of $750 was made to the corporate defendant and plaintiff has sustained no loss thereby. Moreover, the record permits the inference that this borrowed money was used in re-establishing the business and was taken into account in

arriving at the amount of plaintiff's recovery. No error has been made to appear in respect of this item.

2. Defendants' appeal: The defendants seek to present the question whether plaintiff, who sues for breach of contract, may recover as upon *quantum meruit*. The record hardly presents the question as stated. It is found that by reason of Miller's breach of the contract and interference with the operation of the business, plaintiff has lost his money and services and that the defendants have thereby obtained a reconditioned plant. In ascertaining the value of plaintiff's services, *quantum meruit* was used as the measuring stick. Where plaintiff loses both money and services as a result of defendant's wrongful conduct in breaching his contract, the damages recoverable are such as may reasonably be supposed to have been in the contemplation of the parties when the contract was made. This would include the money lost and a fair value of the services rendered. *Troilino v. Goodman,* 225 N. C., 406, 35 S. E. (2d), 277.

On both appeals, No error.